BILLINGS B. COLE, Administrator, etc.

*v.*

WILLIAM S. DUNCAN *et al.*

1. BANKRUPTCY—*as a defense to the foreclosure of a mortgage—construction of section* 20 *of bankrupt act of* 1868. The defendant in a bill to foreclose a mortgage, executed by him, pleaded his discharge in bankruptcy under the bankrupt law of 1868: *Held*, the 20th section of that act was not intended to disturb the lien of the mortgagee, except by his express consent, and through the joint action of himself and the assignee in bankruptcy. If the mortgagee desire to prove his debt and participate in the assets of the bankrupt, he can do so upon the release of his lien, but the option is left with him.

2. PARTIES *to a bill to foreclose a mortgage—where the mortgagor has been declared a bankrupt.* In such case, if the mortgagor has, since the execution of the mortgage, been declared a bankrupt, the assignee in bankruptcy is a proper party.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

Messrs. CUNNINGHAM & WEBBER, for the plaintiff in error.

Mr. L. C. HURD, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill to foreclose a mortgage. The defendant pleaded a discharge in bankruptcy, under the bankrupt law of 1868. The court held the plea sufficient, and dismissed the bill.

It is insisted by the counsel for appellee, where a mortgagor goes into bankruptcy, the mortgagee must avail himself of section 20 of the Bankrupt Act, and have his lien adjudicated in the court having jurisdiction of the bankruptcy. This position is wholly untenable. That portion of section 20 of the act, applicable to this subject, reads as follows:

"When the creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon, for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein on receiving such excess; or, he may sell the property subject to the claim of the creditor thereon, and in either case the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

We should not be prepared to admit the power of congress to divest the lien and estate of the mortgagee, in consequence of the bankruptcy of the mortgagor, even if it had enacted so unreasonable a law. But it has not done so. On the contrary, the extract above set forth shows with perfect clearness, that congress did not intend to disturb the lien of the mortgagee except by his express consent and through his and the assignee's joint action. If the mortgagee desires to prove up his debt and participate in the assets, he can do so upon the release of his lien, but the option is left with him.

It is said, however, that the assignee in bankruptcy should at least have been made a party. If the plea was merely designed as a plea of want of proper parties, it is, even for that purpose, insufficient. It does not give the name of the assignee, or allege in what court or State the defendant obtained his discharge in bankruptcy. It refers to a copy of his certificate as filed with the plea as an exhibit, but we do

12—58th Ill.

not find such copy in the record, and can not presume it to have been filed. The plea is therefore worthless for any purpose, even under the 34th section of the bankrupt act.

If the plea had been properly pleaded, it would have been necessary for the complainant to amend his bill in order to make the assignee a party, and, independently of the plea, if it be true that the defendant has been declared a bankrupt, it would be admissible for the complainant to take leave to amend his bill for that purpose.

The judgment is reversed and the cause remanded.

*Judgment reversed.*