No. 327.—G. & H. KING, in liquidation, v. F. E. BOWMAN.

In a proceeding by the hypothecary action against a third possessor of mortgaged property, who holds it under a sale made by the assignee in bankruptcy, the putting in default is unnecessary.

·The proceeding by the hypothecary action to enforce a mortgage on property which has been surrendered in bankruptcy is not a bankrupt proceeding, and the State courts have jurisdiction to enforce such action.

.A mortgagee does not lose his rights of mortgage on property by participating in the bankrupt proceedings, such as voting for an assignee, etc., nor does the sale made by the assignee divest the mortgagee of his right to pursue the property in the hands of the purchaser by the hypothecary action. In such a case the bankrupt court only passes such title as the bankrupt himself could pass.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Stubbs & Cobb*, for plaintiffs and appellants; *Morrison & Farmer*, for defendant and appellee.

HOWE, J. This is an hypothecary action commenced by plaintiffs ·to enforce their judicial mortgage, resulting from the record of a judgment obtained by them against W. S. Grayson, in the office of the recorder of mortgages of Ouachita parish, on the seventh of April, 1866, for the sum of $5706 30, with interest at eight per cent.

Plaintiffs allege that at the time of said record, Grayson, their judgment debtor, was in possession and ownership of a tract of land containing seven hundred and three and ten one-hundredth acres, situated in Ouachita parish, and that their judicial mortgage attached thereto.

They also aver that defendant is now owner and possessor of said land through a chain of title, set forth in petition.

It is also alleged that the judgment debtor, Grayson, made a voluntary surrender in bankruptcy in August, 1869, and that the land was surrendered by him.

Appellants contend that their mortgage on said land has never been divested by any of the conveyances by which it came into the hands of the defendant, and this suit is to enforce their hypothecary right for the amount of their debt.

Defendant Bowman filed an exception, alleging he had not been put in default, and that no allegation of demand and notice was contained in petition.

This exception was overruled, and defendant filed his answer, calling his vendor, W. G. Kennedy, in warranty, and pleading general denial.

Kennedy, Bowman's vendor, appeared and filed an exception that the State courts have no jurisdiction in a suit to enforce mortgages on property that has been surrendered in bankruptcy; that the United States District Court has exclusive jurisdiction.

He answers over and alleges that plaintiffs abandoned and forfeited their judicial mortgage on the land described in petition, by having proved their claim and participated in the election of an assignee before the register in bankruptcy; and he calls W. W. Farmer, his vendor, in warranty.

Farmer answered the call, and set forth the grounds in his answer why the call should be dismissed, and on motion of Kennedy's counsel there was a judgment of non-suit on the call. There was judgment in favor of defendant and warrantor, and plaintiffs have appealed. The defendant also appealed, to preserve his rights against the warrantor.

G. & H. King obtained judgment against W. S. Grayson, in Twelfth District Court of Ouachita, on the seventh of April, 1866, for $5706 30, with eight per cent. interest; on $3468 23 from twenty-sixth of April, 1861; on $1818 89 from first of July, 1862, and on $419 18 from first of January, 1866. A copy of this judgment was recorded in the book of mortgages on same day.

Grayson paid on the first of October, 1866, $621 41, and is credited with this amount. Grayson was the owner of 710 3-100 acres of land in Ouachita parish, after the seventh of April, 1866, to which the judicial mortgage of plaintiffs necessarily attached between the time of its record and the time of his surrender of the land in bankruptcy, thirteenth of August, 1867.

Grayson was duly adjudicated a bankrupt, and a warrant to the messenger in bankruptcy was issued. G. & H. King were placed on the schedule of Grayson as creditors, secured by judicial mortgage on the land surrendered.

Notice was served on them (G. & H. King) by the messenger to attend the first meeting of creditors for the purpose of electing assignees.

G. & H. King proved their claim by affidavit before W. J. Q. Baker, register, on thirtieth of September, 1867, under form 21 prescribed by the Supreme Court of the United States—their debt exceeding the value of their security—and attended the first meeting of creditors of the bankrupt, held on that day, and voted for J. Hoffman as assignee. There was no choice by creditors, and the register appointed Warren G. Kennedy assignee, and he accepted the trust. This was the last appearance of plaintiffs in the bankruptcy proceedings of Grayson.

The register made the deed of assignment required by law on the first of October, 1867.

Kennedy gave the required notice of his appointment by advertisement on October 1, 1867, and on the ninth of November, 1867, without any order of the bankrupt court, he advertised the 710 3-100 acres of land for sale on the seventh of December, 1867; and on seventh of December the land, without order of court, was sold to W. W. Farmer, at auction, for $1075, and title deed executed on the tenth of December, 1867. On the same day Farmer made a title to Kennedy of this same property, excluding warranty, except as against his own acts.

The consideration of this sale from Farmer to Kennedy was a judgment obtained in the Second District Court of Texas by Kennedy v. C. H. Morrison, for the sum of $5829 87, with five per cent. interest from thirteenth of September, 1866, transferred by Kennedy to Farmer.

On the twenty-eighth of December, 1869, Kennedy sold this land to Bowman, the defendant and third possessor, against whom this action is brought, for the sum of $14,000.

It appears from the assignee's account that the bid of Farmer, $1075, and $42 25. from sale of personal property, was all that was realized from the bankrupt estate, amounting to a balance of $904 22 after paying costs. The register ordered the assignee to pay $787 41 of this amount to C. H. Morrison, the oldest judgment creditor of the bankrupt, and the balance, $116 22, to Byrne, Vance & Co., the next in rank.

I.   The plaintiffs in this hypothecary action were clearly dispensed from the necessity of demand and notice, as provided by act 69 of the Code of Practice, by the bankruptcy of Grayson. Not only was he insolvent, but proceedings against him had been stayed. A demand on him and a notice of such demand to Bowman would have been a vain ceremony to which the law compels no one. Cummings v. Erwin, 15 An. 289. This consideration disposes of all preliminary technical questions in the case.

II.   There is no force in the exception to the jurisdiction of the

G. & H. King v. Bowman.

court *a qua.* This is not a proceeding in bankruptcy, nor an action against property under administration by the bankrupt court, nor a suit against a person under the protection of that court. The fact that the land on which plaintiffs seek to enforce their hypothecary right was once sold by an assignee in bankruptcy leads in this case to an interpretation of a law of the United States, and may lead to an appeal to the Supreme Court of the United States, but it does not deprive the State tribunal of jurisdiction.

III. An assignee in bankruptcy may sell, without petition to or order of the bankrupt court, any property of the bankrupt incumbered in any manner. But when he so sells, he sells subject to any and all lawful incumbrances, and can convey no better or higher interest than the bankrupt could have done. It will be taken for granted that he sold only such right or title to the property as was vested in him, and therefore sold it subject to the incumbrances. The sale in this case by the assignee was of this sort.

But the appellees contend, as the main point in the case, that the appellants, by proving their claim and voting for an assignee, abandoned and forfeited their judicial mortgage, and reduced themselves at once to the rank of ordinary creditors.

No one is easily presumed to give up a right, especially of preference by way of mortgage or lien on the property of an insolvent. The present bankrupt law seems intended to carefully preserve such rights. If a secured creditor prove his claim as unsecured, without apprising the bankrupt court of the existence of his lien, he has been held to waive that lien, relinquishing it to the assignee. Stewart *v.* Isidor, 1 B. R. 129. *In re* Bloss, 4 B. R. 37—Bump's Treatise, p. 79. But in this case, under form 21, for the proof of debt with security, the plaintiffs, as thereby required, set forth with particularity their mortgage, the property on which it bore and the estimated value of such property. It has been held that proof of a secured claim under this form does not invalidate the right of the creditor to his lien. *In re* Bigelow, 1 B. R. 186; *in re* Snedaker, 3 B. R. 155—Bump's Treatise, p. 80. And this seems to be reasonable, and to have been the view of the justices of the United States Supreme Court who prepared these forms. Why should a creditor who expressly claims a mortgage be held to have thereby impliedly abandoned it? Why should form 21 require a creditor to make a statement of his lien, the property on which it rests and the value of the property, if the effect of the use of such form should be to forfeit that lien? We can hardly imagine that form 21 was devised as a trap and pitfall. It was doubtless meant to be used as a step in the process by which the secured creditor, under section 20, may negotiate with the assignee for the property itself, in case it exceed in value his debt; or in case the debt exceed the value

of the property, he may be admitted as an ordinary creditor for the amount of such excess.

Nor can we perceive that the fact that plaintiffs voted at the election of the assignee ought in reason to be construed into an abandonment and forfeiture of their mortgage. It has been held that a secured creditor has no right to vote; but it has been held by equal authority that he has. *In re* Bolton, 1 B. R. 83. We do not see why he should not vote, at least to the extent of his debt over and above the value of his security. This excess may be as well established by the oath of such creditor as an ordinary debt by the oath of an ordinary creditor.

The secured creditor has as much interest in the choice of an assignee as any other person whom the bankrupt owes. In some cases it might be of greater interest to him than to the ordinary creditor that the administration should be honest and skillful.

But we will suppose the plaintiffs had no right to vote. Shall their erroneous exercise, by the neglect of the register or the other creditors, of a right which did not belong to them of voting, deprive them of another and distinct right which did belong to them? We think not. Their mortgage, considered from the point of view of the civil law, is a legal obligation. As such it may be extinguished by voluntary remission; but voluntary remission ought to be established with legal certainty. The gratuitous abandonment of an acquired right is never presumed. Green *v.* Foubene, 2 An. 958; Saul *v.* Nicolet, 15 La. 250.

It is therefore ordered that the judgment appealed from be reversed; that the plaintiffs have judgment in their favor, recognizing and rendering executory their judicial mortgage on the lands described in the petition herein, for the sum of five thousand seven hundred and six dollars and thirty cents, with eight per cent. interest per annum on the sum of $3468 23 from April 26, 1861, and the like rate of interest on the sum of $1818 89 from the first day of July, 1862, and the like rate of interest on the sum of $419 18 from the first of January, 1866, subject to a credit of $621 41 paid on the first of October, 1866. That the said defendant F. E. Bowman be decreed and condemned to pay said debt, interest and costs, or deliver up said lands described in said plaintiffs' petition, to be sold to satisfy said debt, interest and costs.

It is further ordered that the defendant F. E. Bowman have and recover over against his warrantor W. G. Kennedy judgment for the same amounts hereinbefore decreed in favor of plaintiffs.

HOWELL, J., *dissenting.* In my opinion plaintiffs made themselves parties to bankruptcy proceedings by proving up their claim and participating in the election of an assignee; and, being as parties bound by the subsequent proceedings authorized by law, their mortgage

attached to the proceeds of the property affected by it when sold, and the property passed to the purchaser free of incumbrance. It was in their power to attend the sale and make the property bring a full price.

I can not concur with my associates in their conclusion in this case.. Rehearing refused.