GRIMES (UNITED STATES v.). See Cases Nos. 15,264 and 15,265.

---

## Case No. 5,829.

In re GRINNELL.

[9 N. B. R. (1874) 137.] [1]

District Court, S. D. New York.

### BANKRUPTCY—SALE OF PLEDGE.

Where stock is pledged to secure call loans, the pledgee need not obtain leave of the court, on the bankruptcy of the pledgor, to sell the stock pledged and pay the surplus into court for the benefit of whom it may concern.

[Cited in Bradley v. Adams Express Co., 3 Fed. 898.]

[1] [Reprinted by permission.]

The petition of the Pacific Bank shows that the above named bankrupt, on the 17th day of October, 1873, filed his petition in bankruptcy, and obtained a adjudication thereon; that the bankrupt, as a member of the firm of George B. Grinnell & Co., which firm was composed of said George B. Grinnell and Joseph C. Williams, the said Williams being now also a bankrupt, about the 3d day of May, 1873, borrowed of said bank, on a call loan, the sum of fifty thousand dollars; and also borrowed of said bank, on a call loan, June 3d, 1873, fifty thousand dollars; and also borrowed, on a call loan, June 5th, 1873, for said firm, one hundred thousand dollars; and also borrowed, on a call loan, July 17th, 1873, for the same firm, the sum of fifty thousand dollars, all of which loans were made by the said bank in the regular course of business, which money so loaned was to be paid on demand; that to secure said loans said bankrupts duly sold, hypothecated and delivered to said bank, various bonds and stocks; that all the aforesaid bonds, stocks and securities were hypothecated and delivered to said bank to secure the prompt and faithful payment, on demand, of the several aforesaid loans, amounting in all to the sum of two hundred and fifty thousand dollars; that the payment of the several loans above mentioned has been duly demanded of said bankrupt; that the estate of said bankrupts have an interest in equity in any surplus that might remain after the sale of said bonds and securities, and the payment of said sum of two hundred and fifty thousand dollars to said bank. And while your petitioner believes that said bank has the right by law to sell said stocks and securities, in the usual way, without an order for that purpose, and pay the surplus into court for the benefit of whom it might concern, yet as the equitable interests of the other parties might be better protected by application to this honorable court for direction as to the manner of selling said stocks, bonds and securities, your petitioner asks the direction of this court in the premises. Wherefore your petitioner prays that an order may be made requiring said bankrupt and their attorneys, and all other persons having charge of said bankrupt's estate, to show cause, if any they have, at an early day, why your petitioner should not sell said stocks and bonds above described, and why your petitioner should not retain, out of the proceeds of said bonds, stocks and securities, the aforesaid sum of two hundred and fifty thousand dollars and interest, and expenses and the costs of this proceeding, and deposit in this court the surplus, if any there be, to the credit of the estate of said bankrupts.

On this petition the endorsement by BLATCHFORD, District Judge, is: "I do not see that any leave is necessary. S. B."

[For a full discussion of the same point by Blatchford, District Judge, see Case No. 5,830.]