WILLIAM A. HATCHER, plaintiff in error, *vs.* JOHN E. JONES, president, defendant in error.

That the mortgagor has been adjudged a bankrupt, and the property mortgaged claimed by him in the schedule to his petition annexed as a homestead, (it not appearing that the mortgagee ever proved his debt, or that any steps have been taken in the bankrupt court to contest or discharge his mortgage lien,) are no reasons why the state courts should not proceed to foreclose the mortgage.

Bankrupt.    Mortgage.    Homestead.    Before Judge STRO-ZER.    Calhoun Superior Court.    March Term, 1874.

On June 4th, 1873, a rule *nisi* issued at the instance of John E. Jones, as president of the Central Georgia Bank, against William A. Hatcher, requiring him to show cause why a certain mortgage executed by him on February 24th, 1871, should not be foreclosed. The defendant was served on June 13th, 1873. He showed for cause that on November 1st, 1873, he was adjudged to be a bankrupt; that on February 7th, 1874, L. D. Monroe was appointed his assignee; that the property embraced in the mortgage aforesaid was set forth in the schedules to his petition attached and claimed as a homestead exemption; and that further proceedings should be stayed until the determination of the bankrupt court on the question of his discharge. The court overruled said showing and ordered a rule absolute to issue; whereupon the defendant excepted.

J. JOHN BECK; A. HOOD, by brief, for plaintiff in error.

C. B. WOOTEN, by R. F. LYON, for defendant.

McCAY, Judge.

The bankrupt was well aware that he had given this mortgage, and it was his own fault to have taken his exemption on the property mortgaged. The bankrupt act expressly preserves the liens of mortgages, and if the mortgagee does not prove his debt, he may proceed with his mortgage without reference

to the proceedings in bankruptcy. Had the assignee so determined, he might have forced the mortgagee into the bankrupt court. If the claim of the bankrupt for exemption was superior to the mortgage, and it was necessary to settle the rights of the parties, to call the mortgagee before the bankrupt court, we doubt not it could have been done. But unless the mortgagee, either by his own volition or by proceedings for the purpose, is before the bankrupt court, any disposition of property there is always subject to incumbrances.

Judgment affirmed.