## Case No. 9,700.

### In re MOLLER et al.

[14 Blatchf. 207.][1]

Circuit Court, S. D. New York. May 2, 1877.[2]

BANKRUPTCY — FORECLOSURE OF MORTGAGE AFTER ADJUDICATION—JURISDICTION OF STATE COURT—PROOF OF DEBT FOR DEFICIENCY — PRIORITY — TAXES.

1. A creditor of a bankrupt, after the adjudication in bankruptcy, brought a suit in a state court for the foreclosure of a mortgage made to him by the bankrupt, and made the assignee in bankruptcy a party defendant to the suit, without obtaining the permission or direction of the bankruptcy court to bring such suit: *Held,* that the state court had authority to entertain the suit; that its prosecution was not a contempt of the authority of the bankruptcy court; and that the proceedings in it were not void.

[Cited in Re Litchfield, 13 Fed. 867.]

[Cited in Merrill v. Jordan, 60 N. H. 426.]

2. The bankruptcy court had power to allow the creditor to prove a debt for the deficiency arising on the sale under the decree in the foreclosure suit, although no preliminary permission had been obtained from it to institute the suit.

3. The decision of the district court in Re Moller [Case No. 9,699] as to the priority of certain debts of the bankrupt for taxes, assessments and water rates, under subdivision 3 of section 5101 of the Revised Statutes, affirmed.

[Appeals from the district court of the United States for the Southern district of New York.]

In bankruptcy.

William H. Scott, for assignee in bankruptcy.

John E. Parsons, Edmund Coffin, Jr., and Jacob F. Miller, for creditors.

JOHNSON, Circuit Judge. An adjudication of bankruptcy was had against William Moller, George H. Moller and William F. Moller, on the 20th of November, 1875, upon a petition of their creditors, filed October 28th, 1875, in the district court of the Southern district of New York. William A. Booth, having been elected assignee, received an assignment of the bankrupts' property on the 13th of December, 1875. In the course of his administration of the estates of the bankrupts, questions arose which were presented to the district court [Case No. 9,699.] Its determination being adverse to the positions taken by the assignee, he has brought the questions before this court by six appeals; and, either as appeals, or as applications for the exercise of the superintending jurisdiction of the circuit court, they are properly before the court for determination.

In four of the cases, the creditors, who were mortgagees of one or more of the bankrupts, commenced suit for the foreclosure of their respective mortgages in the state courts, after the adjudication in bankruptcy, and made the assignee in bankruptcy a party defendant, without obtaining any leave or direction of the district court in bankruptcy, permitting or directing the bringing of such suit. It is claimed, on the part of the assignee, that the state courts had no authority to entertain these suits, that their prosecution was a contempt of the authority of the bankruptcy court, and that the proceedings are void. These positions are not consistent with the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. Section 5056 of the Revised Statutes imposes the only condition which is required by the bankrupt act, in terms, to be performed before suing an assignee in bankruptcy, and that is, that twenty days' notice shall be given him before suit for anything done by him as such assignee. But it is not necessary or suitable that the question should, in this court, be examined as an open one, since the supreme court of the United States has decided it. In Eyster v. Gaff, 91 U. S. 521, 525, the court says: "The opinion seems to have been quite prevalent in many quarters at one time, that, the moment a man is declared bankrupt, the district court which has so adjudged draws to itself by that act not only all control of the bankrupt's property and credits, but that no one can litigate with the assignee contested rights in any other court, except in so far as the circuit courts have concurrent jurisdiction, and that other courts can proceed no further in suits of which they had at that time full cognizance; and it was a prevalent practice to bring any person who contested with the assignee any matter growing out of disputed rights of property or of contracts, into the bankrupt court, by the service of a rule to show cause and to dispose of their rights in a summary way. This court has steadily set its face against this view. The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has; for certain classes of actions, conferred a jurisdiction for the benefit of the assignee, in the circuit and district courts of the United States, it is concurrent with and does not divest that of the state courts." In the particular case, the bankruptcy occurred after the commencement of the suit. and the decision might, in terms, have been limited to that special state of facts; but the court chose to put it upon the broader grounds which it has expressed, and which apply equally to cases where the bankruptcy precedes the suit in a state court. The views of the supreme court of the United States upon this subject were further explained in Burbank v. Bigelow, 92 U. S. 179. In that case, the complainant filed a bill for an account against one Edmond B. Bigelow, in the circuit court of the United States for the district of Louisiana. Shortly before the filing of this bill Bigelow had been adjudi-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Affirming Case No. 9,699.]

cated a bankrupt in the district court of the United States for the district of Wisconsin, but his assignment was not made until three days after the filing of the bill. No reasons were assigned in the circuit court, showing the grounds upon which it dismissed the bill; but the supreme court of the United States understood the dismissal to have proceeded on the ground that the controversy belonged exclusively to the bankruptcy court in Wisconsin, as an incident to the bankruptcy of Edmond B. Bigelow. After the assignee's appointment, Bigelow answered on the merits, and then an amended and supplemental bill was filed, making the assignee in bankruptcy a party, who subsequently appeared, and having, by order of the court, been subrogated to the rights of Bigelow, filed an answer adopting the defence previously set up by the bankrupt. The assignee afterwards filed another answer, claiming that the district court of Wisconsin alone had jurisdiction. Upon this case the supreme court, after asserting the jurisdiction of the circuit court, under section 4979 of the Revised Statutes, proceeds to show, that, without reference to the jurisdiction conferred by that section, the circuit court had jurisdiction to maintain the suit. The argument is, that, when the state courts have jurisdiction, the circuit courts of the United States have it also, if the proper citizenship of the parties exists; and that, as such citizenship existed in the case before the court, and as it was within the jurisdiction of a state court, a circuit court of the United States also had jurisdiction. In regard to the point of state jurisdiction the court says: "We recently held, in the case of Eyster v. Gaff [supra], that the bankrupt law has not deprived the state courts of jurisdiction over suits brought to decide rights of property between the bankrupt, or his assignee, and third persons; and, whenever the state courts have jurisdiction, the circuit courts of the United States have it, if the proper citizenship of the parties exists. In the case last referred to, a suit to foreclose a mortgage was commenced before the mortgagor went into bankruptcy; but the decree was not rendered until after that event and the appointment of an assignee. We decided that the validity of the suit or of the decree was not affected by the intervening bankruptcy; that the assignee might or might not be made a party; and, whether he was or not, he was equally bound with any other party acquiring an interest pendente lite."

The principle of these cases derives confirmation, if that be necessary, from the cases of Norton v. Switzer, 93 U. S. 355, and Claflin v. Houseman, Id. 130. I entertain no doubt, therefore, that the general proposition on which the appellant in these cases relies is unfounded, and that the state courts had jurisdiction to maintain the several actions which were instituted to foreclose the mortgages involved in them. No question is presented as to the power of the district court

to enjoin the prosecution of any of those suits, if, in its judgment, that course had been deemed conducive to justice. Such an injunction was asked for in only two of the cases and was denied in each. The grounds of these applications do not appear upon the appeal papers, and no question was made in respect to them, at the bar.

In the next place, it is claimed, on the part of the appellant, that the district court had not power to allow the mortgage creditors to prove for a deficiency in four of the cases in which no preliminary permission to institute the foreclosure suits had been obtained from the district court. The appellant's position is based upon the provisions of section 5075 of the Revised Statutes, which enacts, that a mortgage creditor of the bankrupt shall be admitted as a creditor only for the balance of the debt, after deducting the value of the mortgaged property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt. It then provides, that, "if the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein, on receiving such excess; or he may sell the property subject to the claim of the creditor thereon; and, in either case, the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction." It then enacts, that, "if the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt." Upon this section, it must be observed, in the first place, that the secured creditor may proceed, without the order or the sanction of the bankrupt court, to realize his security; and, in the second place, that, with the sanction of the court or of the assignee, he may avail himself of the full value of his security, and be admitted as a creditor for the deficiency. The statute is not modal in its provisions, but substantial. It does not concern itself with the order of time in which the business shall be transacted, but with the fact that the court approves, or the assignee agrees.

In four of the cases before the court, which are in the papers respectively designated as the Fifth Avenue, Westchester, Sugar-House, and Sloane Cases, the circumstances are slightly different, though, in each, dower rights or other incumbrances existed, which made a title under the decree of a court of general jurisdiction more marketable than any that could be given under the direction of the bankrupt court alone.

In the Fifth Avenue Case, the assignee was made a party defendant, but did not answer, and a decree was regularly passed by the state court, and a sale was had, in which the creditor, being the highest bidder, became

the purchaser. He then, without attempting to take possession, applied to the court in bankruptcy, averring that he had bid the full value of the property, asking the sanction of the court, and offering to submit to a resale of the clear title, and to convey accordingly, if the bankruptcy court should so order. In answer to this application, it was not shown that the full value had not been bid for the property, nor was any ground taken in opposition, except the somewhat inconsistent legal grounds, that the proceedings in the state courts were inoperative, and that, having taken them, the creditor ought not to be allowed to prove for the deficiency. The court refused to sustain either of these grounds, sanctioned the sale which had taken place and permitted the creditor to prove for the deficiency. This decision is supported by the case of In re Iron Mountain Co. [Case No. 7,065], before Judge Woodruff, in all points except as to deficiency. In regard to that, Judge Woodruff remarks, at the close of his opinion, that, by electing to pursue the mortgaged premises, the claimants of the lien would deprive themselves of any right to prove their debt for the deficiency. This remark was not necessary to the decision of the cause, and was not, probably, intended to refer to anything but a final election not to submit to the authority of the bankruptcy court, in ascertaining the value of the property.

The Westchester Case did not differ greatly from that which has just been considered. The assignee answered in the state court, setting up, in substance, the alleged want of jurisdiction and was beaten in that court. He had also previously applied to the district court to enjoin the further prosecution of the suit, and this application was denied. These circumstances do not serve to take the case out of the rule previously stated.

In the Sugar-House Case, after the suit in the state court was ready for a decree. the assignee being a party, and having applied to the district court for an injunction, which was denied, the creditor applied to the district court to order a sale and to fix the deficiency, and this was granted, and correctly granted, unless what has been already said in this opinion is completely erroneous.

In the Sloane Case the assignee was made a party defendant, answered the bill in the state court, then, by stipulation, withdrew his answer, reserving the right to special notice of the sale, received such notice, and himself also advertised the sale. In respect to this part of the case, the circumstances of which are particularly discussed in the opinion of Judge Blatchford, in the district court,—In re Moller [Case No. 9,699],—I think it unnecessary to add anything.

The Sloane Case, as well as those of Gerdes and of Cooper, present questions in respect to the payment of taxes, assessments and water rates by the assignee, as debts entitled to priority in payment, under section 5101 of the Revised Statutes, sub-division third.

These questions are amply discussed in the opinion of Judge Blatchford, and are disposed of in accordance with my understanding of the law. In both branches of the Sloane Case, and in the Gerdes and Cooper Cases, that opinion is adopted by this court. The orders appealed from are affirmed, with costs.