COONS (UNITED STATES v.). See Case No. 14,860.

---

## Case No. 3,190.

### In re COOPER.

[16 N. B. R. 178.] [1]

District Court, E. D. Michigan. July 9, 1877.

BANKRUPTCY—RESTRAINING PROCEEDING IN STATE COURT.

Where an assignee sold property encumbered by a chattel mortgage, without an order of court, and the mortgagee brought trover against the purchaser in a state court, in a county where the parties and their witnesses resided, *Held*, that if even if the district court had jurisdiction to restrain the prosecution of the suit, it ought not to do so under the circumstances of the case.

[Cited in Re Litchfield, 13 Fed. 867.]

On petition of assignee for an injunction restraining the prosecuting of a suit in the state court.

The petition set forth that, on the 20th day of April, 1875, the bankrupt [Abram Cooper] executed to Grove & Whitney a chattel mortgage upon his undivided one-half interest in certain machinery and fixtures, these being his principal assets; that the actual indebtedness to Grove & Whitney did not exceed one-half the nominal amount secured by the mortgage; that on the 3d day of July, 1876, petitioner made a conditional private sale of said half-interest to Alfred Wise, receiving therefor certain notes to the amount of two thousand three hundred and eighty-eight dollars and twenty-five cents, the purchaser being at that time the owner of the other half of the property; that the sale was made without an order of the court, but with the approval of the petitioning creditors, and with the agreement that Wise should be insured against any loss by reason of the chattel mortgage, he to have the property free from encumbrance; that the amount realized upon the notes exceeded considerably the claim of the mortgagees; that the petitioner believed the mortgage to have been procured by fraud and deceit, and that nothing was due to the mortgagees, and that he desired

[1] [Reprinted by permission.]

to contest the same, that on the 10th of October, the mortgagees commenced an action of trover in the state court, against them purchaser, Wise, to recover damages for the conversion of their half-interest in the property; that, by the trial of the cause in the state court, the assignee will be occasioned much trouble and expense, and the question of the validity of the mortgage be undetermined; that the sale to Wise was a most fortunate transaction for the creditors, as they will receive a much larger dividend than could have been secured in any other way, and prayed that the sale to Wise might be ratified and confirmed, and be declared to be free and clear of any lien or encumbrance by reason of any claim of the mortgagees; that petitioner be directed to pay into court the sum of one thousand five hundred dollars, a portion of the proceeds, and that the sum be declared to be subject to the amount actually due them, and that the mortgagees might be restrained from further prosecuting the suit in the state court. The answer admitted that the indebtednes did not exceed twelve hundred dollars, and that the mortgage was made for a larger amount to secure other creditors, who were to be paid by the mortgagees, but further averred that the trover suit was instituted for the sole purpose of recovering the actual mortgage interest in the property, and that the assignee undertook the defence of the suit, procured a continuance for one term, announced himself ready for trial, and then procured an injunction. The further allegations of the answer were immaterial. It appeared that the mortgagees had proved their debt as a secured claim.

Don. M. Dickinson, for assignee.
M. V. Montgomery, for mortgagees.

BROWN, District Judge. The assignee having sold the property without an order of court directing a sale free of encumbrances, conveyed simply the interest of the bankrupt, subject to the lien of the mortgage. Kelly v. Strange [Case No. 7,676]; In re Mebane [Id. 9,380]; In re McClellan [Id. 8,694]; Second Nat. Bank v. State Nat. Bank [10 Bush (73 Ky.) 367]; Ray v. Brigham [23 Wall. (90 U. S.) 128]; Wicks v. Perkins [Case No. 17,615]. If the assignee had desired to test the validity of the mortgage, he should have petitioned the court, upon notice to the mortgagee, for an order to sell the property free from encumbrance. Ray v. Brigham [supra]; Meeks v. Whatley [48 Miss. 337]. So long as the property remained in the hands of the assignee, the regular practice for the mortgagees was undoubtedly to prove their debt, and ask leave to sell the property themselves, or require the assignee to sell it, and pay the amount justly due them from the proceeds.

But, the assignee having sold the property subject to the mortgage, and having thereby released the possession he held on behalf of the court, I see no impropriety in the mort-

gagees bringing suit in the state court to enforce their security. Indeed, I can hardly see what other remedy they would have had except upon the theory that the property was sold free of encumbrance; but, as no notice was given them of the sale, it would be obviously inequitable to hold that the property had been discharged of the lien. As matter of law, I see no objection to their proceeding in a state court. King v: Bowman, 24 La. Ann. 506; Douglas v. St. Louis Zinc Co., 56 Mo. 388; In re Clark [Case No. 2,801]; In re McGilton [Id. 8,798]; Whitridge v. Taylor, 66 N. C. 273; 58 Ill. 176. It is well settled, too, that if the proceeding is instituted without the authority of this court, it will not be void; nor will this court interfere where no injury can result to the bankrupt estate. In re Iron Mountain Co. [Case No. 7,065]; In re Bowie [Id. 1,728]; In re Brinkmann [Id. 1,883]. The property having been sold by the assignee, and the action of trover being brought against the purchaser, it seems to me doubtful whether this court has any power to interfere. But, viewing it simply as a matter of discretion, I see no objection to the mortgagees proceeding to determine the amount of their lien in the state court. The mortgage was given more than three months before the commencement of proceedings in bankruptcy, so that any peculiar defence based upon the provisions of the bankrupt act [of 1867 (14 Stat. 517)] has been barred by lapse of time. In any event, they will not be allowed to recover more than the amount of their lien. The suit is prosecuted in a county where the parties, the assignee and the witnesses, all reside. I cannot assume that complete justice will not be done all parties, and no reasons seem to me to exist for interfering with the action of the state court. The petition must be denied.