BRADLEY and others, Assignees, etc., *v.* ADAMS EXPRESS Co.

*(Circuit Court, D. Massachusetts.* September 30, 1880.)

1. BANKRUPTCY—SECURED CREDITOR—PROOF OF DEBT—REV. ST. § 5075.
   A secured creditor, being placed in a difficult position, sold, in the honest exercise of his best discretion, before the confirmation of an assignee in bankruptcy, the securities, then deemed worthless, and realized a considerable sum for the same. *Held,* that the district judge had power to confirm such sale, as if made after the confirmation of the assignee, and by previous authority, and that proof for the remainder of the debt should be allowed.

The Boston, Hartford & Erie Railroad Company and the Adams Express Company entered into an arrangement for the conduct of the express business over the line of the railroad, by which the express company had a valuable monopoly granted them, and in consideration thereof lent the railroad company $200,000, which were secured by two notes of that company, and by a pledge of 10,000 shares of its stock, with the right also on the part of the express company to apply to the debt, from time to time, a certain portion of the sums which would come due from them to the railroad company.

The railroad company became insolvent, and a petition for adjudication of bankruptcy was filed against it in Massachusetts, under which it was adjudged bankrupt in December, 1870. See *Adams* v. *Boston, Hartford & Erie R. Co.* 1 Holmes, 30. Similar proceedings were afterwards taken in the southern district of New York and in Connecticut, which resulted in adjudications in those districts. In all three cases applications were made to the circuit court for a reversal or modification of the decrees, which resulted in the affirmance of the decree in Massachusetts, *(Sweatt* v. *Boston, Hartford &*

*Erie R. Co.* 3 Cliff. 339, decided in September, 1871,) and afterwards in a stay of proceedings in the other two districts. There had been no *supersedeas* in either case, and Charles S. Bradley and others were appointed assignees in each of them. The assignees took no active steps in the administration of their trust until the circuit court here had affirmed the decree below, but they received proofs of debt.

In July, 1871, before the circuit court had decided the case, the Adams Express Company, acting in good faith, sold the shares of the railroad company in the market of New York, with the written assent of the president of the company, but without notice to the assignees. They received the highest market price at the time. The stock afterwards sold for a higher price, and, still later, fell again and could not have been sold at any price.

The express company applied to prove their debt, after giving credit for the amounts received before the failure, and that received for the stock; and the register suspended their proof, on the ground that they had not complied with the law. Rev. St. § 5075. They then applied to the district judge, by petition, to confirm the sale, *nunc pro tunc*, and to admit the proof; and, their prayer having been granted, they brought the case to this court.

*C. S. Bradley* and *J. C. Grey, Jr.*, for assignees, cited and commented on the following cases: *Lee* v. *Franklin Ave. German Sav. Inst.* 3 N. B. R. 218; *Re Herrick*, 17 N. B. R. 335; *Re Miller*, 19 N. B. R. 78; *Hern* v. *La Societe Francaise*, 16 N. B. R. 385.

*A. S. Wheeler* and *E. W. Hutchins*, for the express company, discussed the same cases.

LOWELL, C. J. The language of the law (Rev. St. § 5075) is relied on by the assignees, and does seem very explicit, that a secured creditor shall not prove any part of his debt unless he has either delivered up his security altogether, or agreed upon its value with the assignees, or ascertained such value by a sale, under the order of the district court. In this district it has been considered that this section, intended for the protection of the general creditors, was not

absolutely restrictive, and that when an advantageous sale had been made, in entire good faith, there was power in the court to confirm the sale afterwards as if it had been previously authorized. An unreported case of this sort, decided many years ago, was brought to our notice by counsel. Two cases may be cited from other circuits which follow the same line of decision: *Lee* v. *Franklin Savings Inst.* 3 N. B. R. 218; *Re Moller*, 8 Ben. 526, affirmed 14 Blatchf. 207. In the judgment of affirmance the late able circuit judge of the second circuit says: "The statute is not model in its provisions, but substantial." So Judge Hoffman once said that the bankrupt act is not intended to be a practice act. The case in New York was stronger for the creditor than this case, but it decided that a literal compliance with the statute was not necessary. It must be held to modify, to some extent, the very general and sweeping language used in a decision in the same circuit in *Re Herrick*, 17 N. B. R. 335.

In the present case there appeared to the secured creditors to be an opportunity to realize a considerable sum from a security absolutely worthless, and they had no good reason to believe that it would last. If the district court had been applied to, and had chosen to act at all while the case was before the circuit court, it would undoubtedly have permitted the sale. We think it doubtful, however, whether either the court or the assignees would have taken the responsibility of acting; for not only was it uncertain whether the railroad company could be made bankrupt, but also which of three courts would have the settlement of the case.

Besides, the statute contemplates that the assignees will be appointed speedily, and it would appear from the context of section 5075 that a sale is to be ordered by the court only when the assignees and the creditor cannot agree. This is Judge Wallace's opinion, as expressed in *Re Herrick*, 17 N. B. R. 335. The case of a necessity for a sale before the assignees are qualified and acting, appears to be a case omitted from this section of the statute; so that if the court at such a time should order a sale, which we have no doubt of its power to do, yet such a sale would not be a sale within the

FEDERAL REPORTER.

terms of section 5075, and therefore the remainder of the debt could not be proved, if this provision has the positive quality which is ascribed to it. Yet there are cases in which it is of the greatest importance for all parties that a sale should be made at such a time. See *Re Grinnell*, 9 N. B. R. 137.

The secured creditor, after all, has the most direct and vital interest in the security, and is the principal sufferer if an opportunity for realizing it is lost. These creditors were in a difficult position, and having exercised in good faith their best discretion, at a time concerning which this section of the statute is silent, and having realized a considerable sum, which at the time seemed to be a clear gain from an utterly worthless security, we are of opinion that the district judge had the power, and has well exercised it, of confirming the sale as if made after the confirmation of the assignees, and by previous authority, and that the proof for the remainder of the debt should be allowed; and it is so ordered.