## MERRILL & a. v. JORDAN & a.

An adjudication of bankruptcy against a mortgagor does not devest a state court of jurisdiction of an action against the bankrupt and his assignee to foreclose the mortgage.

In such action the assignee is a necessary party defendant, in order to extinguish the equity of redemption.

WRIT OF ENTRY, for land in Columbia, on a mortgage from the defendants, Jordan and wife, to one Parkhurst, and by him assigned to the plaintiffs. Plea in abatement by the other defendant, Covill, as assignee in bankruptcy of Jordan, alleging that as such assignee he is an officer of the U. S. Court for the District of New Hampshire ; that that court has, and this court has not, jurisdiction of the cause or of the defendants ; and that he is made a

party to the action solely because he is assignee. The plaintiffs demurred.

*Shurtleff* and *Ray*, *Drew & Jordan*, for the plaintiffs.

*Fletcher* and *Parsons*, for the defendants.

BLODGETT, J. The plaintiffs' mortgage is apparently a valid lien upon the land embraced in it, both under our laws and the provisions of the bankrupt act, and therefore, in our view, the bankruptcy court cannot interfere with or control the exercise of jurisdiction of an action of foreclosure by this court. *Peck* v. *Jenness*, 16 N. H. 516—*S. C.*, 7 How. 612. But however this may be, it must be held in cases like the present, where no action in relation to the property has been taken by the assignee or by the creditors in the bankruptcy court, or by the court itself, that state courts have jurisdiction to make the lien available; and such, we think, are the authorities generally. *Eyster* v. *Gaff*, 91 U. S. 521, 525; *Re Moller*, 14 Blatchf. 207; *Cole* v. *Duncan*, 58 Ill. 176; *Bentley* v. *Wells*, 61 Ill. 59; *Brown* v. *Gibbons*, 37 Iowa 654; *Goodrich* v. *Wilson*, 119 Mass. 429; *Hatcher* v. *Jones*, 53 Ga. 208; *Reed* v. *Bullington*, 49 Miss. 223; *Whitridge* v. *Taylor*, 66 N. C. 273; *Burlingame* v. *Parce*, 12 Hun 144.

Nor is Covill improperly made a defendant, because otherwise the foreclosure would be of no effect as to him, and the equity of redemption vested in him by the assignment would not be extinguished.

*Demurrer sustained.*

ALLEN, J., did not sit: the others concurred.