## Case No. 1,867.

### In re BRIDGMAN.

[2 N. B. R. 252 (Quarto. 84); 1 Chi. Leg. News, 103.] [1]

District Court, S. D. Georgia. Oct. 30, 1868.

BANKRUPTCY — DISTRIBUTION OF ASSETS —INTERFERENCE BY STATE COURT — PROPERTY SUBJECT TO ATTACHMENT.

1. The distribution of the assets of a bankrupt cannot be interfered with by process of a state court.

[Cited in Re Stansell, Case No. 13,293; Re Cunningham, Id. 3,478.]

[1] [Reprinted from 2 N. B. R. 252 (Quarto, 84), by permission. 1 Chi. Leg. News, 103, contains only a partial report.]

2. Money awarded under a rule of court cannot be attached.

[Cited in Re Kohlsaat, Case No. 7,918; Gilbert v. Quimby, 1 Fed. 113.]

[On certificate of register in bankruptcy.]

Opinion of Frank S. Hesseltine, Register:

I, the undersigned, having been designated by the court as the register in bankruptcy before whom the proceedings in the above matter of the bankruptcy of Sampson D. Bridgman are to be had, do hereby certify, that in the due course of such proceedings, the following question, pertinent to the same, arose, and was stated by Columbus O. Brooks, the assignee of the estate of the said bankrupt, which he desired me to certify to your honor for your opinion thereon. On the 6th day of August, 1868, Frank S. Hesseltine, the register in bankruptcy before whom the proceedings in the matter of Sampson D. Bridgman. bankrupt, are held, prepared a certified list of claims for the assignee to pay certain creditors a dividend ordered at a previous meeting of the creditors, and issued his warrant for the assignee to pay the same. Subsequently the said assignee was served with a summons of garnishment, issued from the superior court of Randolph county, Georgia, at the instance of a creditor of Demetrius Cochrane, one of the creditors of the said bankrupt, named in the said list of claims as entitled to receive from the assignee thirty-eight hundred and seventy-five dollars, his share of the estate of the said bankrupt. Shall the assignee retain said sum in compliance with the summons of garnishment, or pay it over to the said Cochrane, creditor of the said bankrupt?

The simple question in this case, is, whose warrant or summons shall the assignee obey? That of the United States district court in bankruptcy, ordering him to pay this money to the creditor of the bankrupt, or that of the superior court of Randolph county, Georgia, summoning him to answer to that court as to the money in his hands, of the said creditor? The answer is plain. The distribution of the assets of the bankrupt, which is essential to the due execution of the provisions of the bankurpt act, cannot be stayed or prevented by the process of a state court. In this case, the court determined the amount due to the several creditors, adjudged that it should be paid to them, and issued its warrant to the assignee, to pay the creditors named the several sums designated. This was done in accordance with section twenty-seven of the bankrupt act, which also states that "such creditor shall be paid by the assignee in such manner as the court may direct." The court has directed, by section eighteen of the bankrupt act [of March 2, 1867 (14 Stat. 525)], (gen. clause 86, Rice's Manual), "an assignee refusing or unreasonably neglecting to execute an instrument, when lawfully required by the court, or disobeying a lawful order or decree of the court in the premises, may be

punished as for a contempt of the court." As the assignee seems desirous of doing his duty, and asks to take the opinion of your honor in order that he might be relieved from liability to the state court, I have consented to certify it to your honor. This question, I find, has been decided. See Ashley, Attachm. (2d Ed.) 29; 9 Petersd. Abr., p. 711, cited by Metcalf, J. in Colby v. Coates, 6 Cush. 558.

It has also been decided that money awarded under a rule of court, cannot be attached. Coppel v. Smith, 4 Term. R. 312, and case there cited; Caila v. Elgood, 16 E. C. L. 78. And the said parties requested that the same should be certified to your honor, for your opinion thereon.

ERSKINE, District Judge. The decision of the register has been carefully considered, and is approved.

BRIDGMAN (UNITED STATES v.). See Case No. 14,645.

## BRIG.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Brig Homely." See Case No. 6,661.]

BRIG, The (ROWE v.). See Case No. 12,093.