## Case No. 2,687.

### In re CHISOLM et al.

[8 Ben. 242.][1]

District Court, S. D. New York. Oct., 1875.

EQUITABLE LIEN—TRUST AND TRUSTEE.

1. Certain real estate in Georgia was conveyed to Edward Willis, as trustee, in trust to and for the sole and separate use, benefit and behoof of Elizabeth L. Willis, his wife, "for and during the term of her natural life, free from the debts, liabilities or contracts of her present or any future husband, with remainder at her death to her children then in life by the said Edward begotten; * * * but, should the said Elizabeth L. die, leaving no child or issue of a child by the said Edward begotten, then with remainder to the said Edward and his heirs in fee simple: provided always, that the trustee for the time being, may at any time, by deed, in which Elizabeth L. Willis voluntarily joins, sell and convey, mortgage, or exchange the premises aforesaid, re-investing the proceeds of such sale subject to the same uses and trusts." On May 30th, 1870, Willis, as trustee under the foregoing deed, joined with his wife in conveying the premises to one Rogers, for $3000 cash, and a note of Rogers for $3000. This note and $2715 of the $3000 cash were received by Willis, and were by him used for the benefit of the firm of Willis & Chisolm, of Charleston, S. C., of which he was a member. On June 30th, 1870, he delivered to his wife a deed of real estate, which had been executed by one Johnston to the firm, with this endorsement on the deed, made by him: "For value received, we hereby transfer all our right, title, and interest to Mrs. E. L. Willis, to better secure her for money deposited with us. (Signed) Willis & Chisolm." The money referred to was the proceeds of the conveyance to Rogers. Bankruptcy proceedings were taken against the firm in January, 1872, and an assignee was appointed. Mrs. Willis claimed a lien on the real estate conveyed to the firm by Johnston. On the assignee's application, that real estate was sold, free from the lien, and the proceeds were paid to the assignee to abide the determination of the court as to the lien of Mrs. Willis: *Held*, that Mrs. Willis had only a life interest in the real estate conveyed to her husband, as trustee, or in the proceeds thereof; that she, therefore, had no title to the proceeds of the conveyance to Rogers; and that she, therefore, had no money on deposit with the firm of Willis & Chisolm, on June 30th, 1870.

2. That her claim, whatever it was, was against Willis alone, and he could not appro-

[2] Hon. Geo. Goldthwaite.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

priate the firm's property, as against the firm's creditors, to secure such claim; and that she, therefore, had no claim or lien on the fund in question.

In bankruptcy. The assignee in this case presented a petition to the court, setting forth that the bankrupts [Alexander Chisolm and Edward Willis] were the owners of certain real estate in Richmond county, Georgia; that Mrs. Elizabeth L. Willis, the wife of one of the bankrupts, claimed to have a claim or lien upon such property; and that he had received an offer for the purchase of the property; and he prayed the order of the court that the property might be sold free and clear from all claims and liens of Mrs. Willis, and that the proceeds might be paid into court, subject to any claim of hers, to be thereafter adjudicated upon by the court. On this petition, an order was entered, authorizing the sale as prayed, and referring it to the clerk to take proofs in respect to the nature, extent and validity of the lien or claim of Mrs. Willis upon the premises or the proceeds thereof. The property was sold by the assignee for $4,500, and the money was paid into the hands of the assignee. The evidence showed that the bankrupts, previous to June, 1870, were in partnership, in Charleston. S. C., under the name of Willis & Chisolm; and that the property which had been sold by the assignee was conveyed to the firm by Adam Johnston, by deed dated January 7th, 1870, recorded 28th March, 1870. On the back of that deed was the following endorsement, made by Willis: "30th June, 1870. For value received, we hereby transfer all our right, title, and interest to Mrs. E. L. Willis, to better secure her for money deposited with us. (Signed) Willis & Chisolm. Witness, B. F. Huger."

The evidence further showed, that, on November 6th, 1863, George W. Evans conveyed to Edward Willis, trustee, certain premises in Richmond county, Georgia, therein described, which conveyance was in said deed stated to be in trust. The terms of the trust fully appear in the opinion of the court. On the 30th of May, 1870, Mr. Willis, as trustee under the deed from Evans, joined with his wife in conveying to one Rogers the premises described in the foregoing deed, and another tract of land of 50 acres, described as being in the hands of Mr. Willis as trustee under a deed from one Green. Rogers, the purchaser, paid $3,000 in cash, on the 14th of June, 1870, and gave his note for $3,000 more. Of the $3,000 paid in cash, $2,715, and also the note for $3000, were received by Mr. Willis, and were used by him for the purposes of the firm of Willis & Chisolm, and this money and the note formed the money referred to in the endorsement on the deed from Johnston to Willis & Chisolm; and it was for this money that Mrs. Willis claimed the lien upon the property sold by the assignee, by virtue of the delivery to her of

the deed from Johnston to Willis & Chisolm, and the endorsement thereupon.

Hawkins, Barnett & Pannes, for Mrs. Willis.

C. W. Bangs, for the assignee.

BLATCHFORD, District Judge. The deed of November 6th, 1863, made by Evans, conveys to "Edward Willis, as trustee, as hereinafter set forth," the premises therein described, being 131 94-100 acres, and 22 93-100 acres. The habendum is to "Edward Willis, trustee, his successors and assigns, forever, in trust, nevertheless, to and for the sole and separate use, benefit and behoof of Elizabeth L. Willis, wife of the said Edward, for and during the term of her natural life, free from the debts, liabilities or contracts of her present or any future husband, with remainder at her death to her children, then in life, by the said Edward begotten, or who have issue alive at that time, the issue of any deceased child taking the parent's proportionate share; but, should the said Elizabeth L. die, leaving no child or issue of a child, by the said Edward begotten, then with remainder to the said Edward and his heirs in fee simple: provided, always, that the trustee for the time being may, at any time, by deed, in which Elizabeth L. Willis voluntarily joins, sell and convey, mortgage, or exchange the premises aforesaid, reinvesting the proceeds of such sale, subject to the same uses and trusts, and, from time to time, when needful or advisable, sell and exchange, or otherwise dispose of, in a similar way, any other property held under the provisions of this deed: and provided further, that the separate receipt of the said Elizabeth L. shall be a full and sufficient discharge to the trustee for the time being, for the yearly income of the trust estate."

It is apparent, from these provisions of the deed, that Mrs. Willis had only a life interest in the property, and was to receive only its "yearly income;" that Mr. Willis was trustee, under the deed, not merely to receive the income of the property, and pay such income to Mrs. Willis during her life, but also to dispose of the property after her death, by turning it over to her then living children by him, and the issue of her dead children by him, and, in default of any such takers, by turning it over to himself, in fee simple. If it should be sold by him, as trustee, its proceeds were to be reinvested by him, subject to the same uses and trusts, and these provisions were to apply to all property held under the provisions of the deed. Mrs. Willis had no right or title to the property, or to its principal or capital, or to the proceeds of its sale, but only a right to receive the income from the property or from the proceeds of its sale. The property, and, if it were sold, the proceeds of the sale, went into the hands of Mr. Wil-

lis, as trustee, impressed with the trust declared by such deed. It was, as to the principal or capital, a trust for the benefit of Mrs. Willis's descendants, and, if she should die leaving none, then it was a trust for the benefit of Mr. Willis and his heirs.

By the deed of the 30th of May, 1870, Mr. Willis, as trustee under said deed from Evans, joined with his wife in conveying to Rogers the said premises, declaring in the deed that he considered it "needful and advisable to dispose of said tracts of land." This deed covered, also, another tract of land, of 50 acres, described as in the hands of Mr. Willis, as trustee under a deed from one Green. The consideration for the whole is stated at $6,000. The purchaser appears to have paid $3,000 in cash on the 14th of June, 1870, and to have given his note for $3,000, payable, with interest, January 1st, 1872, secured by a mortgage back on the premises conveyed. The mortgagee is described in the mortgage as Edward Willis, as trustee for his wife, Elizabeth L. Willis, under deeds from Evans and Green. Of the $3,000 paid in cash, the sum of $2,715 seems to have gone into the hands of Mr. Willis, and to have been used by him for the purposes of the firm composed of the bankrupts, and the note was used by him for the same purpose. I am not furnished with any copy of the deed from Green of the 50 acres; but I must assume, in the absence of evidence to the contrary, that the terms of the trust in it were the same as those in the deed from Evans. Mr. Miller, the attorney for Mrs. Willis, speaks, in his testimony, of the sale to Rogers as being one which did not include the 50 acres, but this is not so. If the trust in the deed from Green was different in its terms from that in the deed from Evans, it was for Mrs. Willis to show it, and to show her absolute title to the proceeds of the 50 acres, and then to show how the $6,000 purchase money can be apportioned among the tracts covered by the deed to Rogers. As it is, Mrs. Willis shows no title to any of the proceeds of the sale to Rogers. The title to such proceeds was in Mr. Willis, as trustee, under a trust with the provisions before recited. That being so, Mrs. Willis had no money on deposit with Willis & Chisolm, on the 30th of June, 1870. Whatever claim she may have had to any income from the proceeds of the sale of the lands sold, that claim was one against Mr. Willis alone, and was not one against the firm, even though the proceeds were used by Mr. Willis for the benefit of the firm, and Mr. Willis could not appropriate the firm's property, as against the firm's creditors, to secure such claim.

These considerations require that Mrs. Willis's claim to the proceeds of the Belleville property be disallowed; and it is not necessary to pass upon any of the other questions raised and discussed.