## BURBANK *v.* BIGELOW ET AL.

1. A bill in chancery was filed in the Circuit Court of the United States for the District of Louisiana by a citizen of Louisiana, the executrix of a deceased member of a firm, against the surviving partner, a citizen of Wisconsin, for an account as part of the partnership assets of the proceeds of a judgment recovered by the latter in said court, in his individual name, for a debt which she alleged was due the firm. The defendant, prior to the service of process on him, had on his petition been declared a bankrupt by the District Court of the United States for the District of Wisconsin; but, answering to the merits, he denied that the debt was due to the partnership. An amended and supplemental bill was afterwards filed, making a defendant the assignee in bankruptcy, who adopted in a separate answer the defence set up by the original defendant. He, in an answer subsequently filed, claimed

that the said District Court had exclusive jurisdiction in the cause. During its progress, a receiver was appointed, who collected the amount due on the judgment. The Circuit Court dismissed the cause for want of jurisdiction. *Held,* that notwithstanding the proceedings in bankruptcy, and although the assignee thereunder may have been appointed and the assignment made to him prior to filing said bill, the Circuit Court, having possession of the subject-matter in controversy as well as jurisdiction of the parties, had jurisdiction of the cause, and should have decided it upon its merits.

2. Under sect. 4979 of the Revised Statutes, the Circuit Court of the United States has, without reference to the citizenship of the parties, jurisdiction of a suit against an assignee in bankruptcy, brought by any person claiming an adverse interest touching any property, or rights of property, transferable to or vested in such assignee.

3. *Lathrop, Assignee,* v. *Drake et al.,* 91 U. S. 516, and *Eyster* v. *Gaff et al.,* id. 521, cited and approved.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

*Mr. Benjamin F. Butler* for the appellant.

*Mr. Thomas J. Durant* for the appellee.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an appeal from the decree of the Circuit Court of the United States for the District of Louisiana.

The appellant is the widow and executrix of Thomas S. Burbank, deceased, late of New Orleans, and tutrix of his minor children. She was complainant below, and filed her bill on the 8th of February, 1869, against Edmond B. Bigelow, of Wisconsin, for an account of a certain partnership which she alleges existed between her husband and said Bigelow; and, amongst other things, she specially prays that Bigelow may account for, as part of the partnership assets, the proceeds of a certain judgment for $13,864.34, which he recovered in his individual name against one Edward W. Burbank, on the twenty-seventh day of February, 1866, in the said Circuit Court. The complainant alleges that this judgment was for a debt due the partnership, and ought to be applied to the payment of the partnership debts, a portion of which, to a large amount, are pressing against her husband's estate.

The court below did not pass upon the merits of the case, but dismissed the bill for want of jurisdiction; upon what ground, there being no written opinion in the case, does not

distinctly appear.   The only ground alleged in support of the
decree is, that Edmond B. Burbank, the original defendant,
together with one Hancock (a former partner of his), shortly
before the filing of the bill in this case, filed their joint petition
in the District Court of the United States for the District of
Wisconsin to be declared bankrupts, and a decree of bankruptcy
was rendered against them on the twenty-third day of January,
1869; but no assignment was made by the bankrupts until the
11th of February, 1869 (three days after filing the bill), when
an assignment was made to George W. McDougall, of Wiscon-
sin.   In his schedule of assets in bankruptcy, Bigelow refers
to the judgment recovered by him against Edward W. Bur-
bank, but states that it had been assigned to W. W. Bigelow,
and conditionally assigned to one Porter for the benefit of
creditors.

The court below is supposed to have dismissed the bill for
want of jurisdiction, on the ground that the controversy be-
longed exclusively to the Bankrupt Court in Wisconsin, as an
incident to the proceedings in the bankruptcy of Burbank.   It
is not pretended that the court had not jurisdiction of the
person of the defendants.   Edmond B. Bigelow, the original
defendant, was duly served with process in New Orleans, and
put in an answer to the merits on the 1st of March, 1869.
Thereupon an amended and supplemental bill was filed; and
W. W. Bigelow, the alleged special assignee, and George W.
McDougall, the assignee in bankruptcy, were made defendants,
and duly appeared.   W. W. Bigelow formally adopted the
answer of Edmond B. Bigelow; and McDougall exhibited the
proceedings in bankruptcy, and, having by order of the court
been subrogated to the rights of Edmond B. Bigelow, filed a
separate answer, adopting the defence set up by him.   Sub-
sequently he filed another answer, in which he claimed that
the District Court of Wisconsin alone had jurisdiction of the
case.

During the progress of the cause, on application of the com-
plainant, a receiver was appointed by the court, who collected
the amount due on the judgment referred to in the pleadings.
The court, therefore, had possession of the subject-matter in
controversy, as well as jurisdiction of the parties: so that the

only question remaining is, whether it had jurisdiction of the cause, or controversy.

Of this there does not seem to be the slightest doubt. What possible advantage could be gained by sending the parties to Wisconsin to litigate the questions raised in this suit we cannot perceive. A right of property is controverted. The complainant contends that the fruits of the judgment recovered by Bigelow, the bankrupt, against Edward W. Burbank, belong to the firm of which her husband was a partner. The bankrupt and his assignees deny this. It is a controversy, the determination of which is clearly embraced within the jurisdiction conferred upon the circuit courts by the second clause of sect. 2 of the original Bankrupt Act, now sect. 4979 of the Revised Statutes. We recently decided, in the case of *Lathrop, Assignee*, v. *Drake et al.*, 91 U. S. 516, that this jurisdiction may be exercised by any circuit court having jurisdiction of the parties, and is not confined to the court of the district in which the decree of bankruptcy was made. Therefore the time when the bankruptcy occurred or when the assignment was made is totally immaterial. The court, under the Bankrupt Act, has jurisdiction of the cause as between the assignee in bankruptcy and the complainant, without reference to the citizenship of the parties. As between the other parties and the complainant, of course, citizenship is material. But no objection to the jurisdiction exists on that account in point of fact, as the residence of the parties is such as is required in order to give it. Therefore, though the suit had not been commenced until after the appointment of the assignee, and after the assignment to him, the complainant might still have instituted the suit in the Circuit Court in Louisiana, if process could have been served upon the defendants.

But, inasmuch as the parties were citizens of different States, she might have done this without the aid of the section referred to. We recently held, in the case of *Eyster* v. *Gaff et al.*, id. 521, that the Bankrupt Law has not deprived the State courts of jurisdiction over suits brought to decide rights of property between the bankrupt (or his assignee) and third persons; and, whenever the State courts have jurisdiction, the circuit courts of the United States have it, if the proper citizenship of the

parties exists.   In the case last referred to, a suit to foreclose a mortgage was commenced before the mortgagor went into bankruptcy; but the decree was not rendered until after that event and the appointment of an assignee.   We decided that the validity of the suit or of the decree was not affected by the intervening bankruptcy; that the assignee might or might not be made a party; and, whether he was or not, he was equally bound with any .other party acquiring an interest *pendente lite.*

As no other ground was assigned affecting the jurisdiction, we are of opinion that the court had jurisdiction of the case, and ought to have decided it upon its merits.

*Decree reversed.*