### Gilbert *v*. Quimby and others.

(*Circuit Court, S. D. New York.* January 20, 1880.)

BANKRUPTCY—ATTACHMENT OF DIVIDEND—EQUITABLE RELIEF.—A bill in equity will not lie in favor of a partnership creditor, to restrain the application of a dividend in the hands of an assignee in bankruptcy to the debt of an individual creditor, where both of the creditors have attached such dividend under process issued by a state court.

WHEELER, J.　One Alden J. Adams and the defendant Union Adams were partners, and the defendant Lynch had a partnership debt against them.　The interest of Alden Adams in the partnership assets was transferred to Union Adams, for which the latter became indebted to the former in the sum of $6,000.　Union Adams became insolvent, and assigned his property to the defendant Woolton, for the benefit of his creditors.　Afterwards he was adjudged a bankrupt and the defendant Mitchell became his assignee in bankruptcy, and as such recovered the property.　Lynch assigned his debt against Union Adams to the defendant Quimby, and both the latter and Alden Adams proved their claims against the estate of Union Adams in bankruptcy.　Quimby has received a dividend upon his claim, and Union Adams has received a discharge.　A dividend to Alden Adams upon his claim has been ordered and is still in the hands of the assignee.

Quimby commenced suit in his own name, under the laws of New York, in the courts of New York, against Alden Adams, recovered judgment therein, took out execution on the judgment and placed it in the hands of the defendant Carpenter, who is sheriff of Westchester county, and of the defendant Connor, sheriff of New York county, who have claimed to attach thereon the dividend of Alden Adams in the hands of Mitchell, assignee.　The orator has proceeded in the same manner with his debt against Alden Adams, but the attachment in his case is subsequent to Quimby's.　He claims that he is an individual creditor of Alden Adams, and that as such he is entitled to have his debt satisfied out of the individual property of the debtor in preference to Quimby, who is a partnership creditor, and has brought this bill to have application of the dividend to Quimby's debt restrained, and application of it to his debt decreed.　The defendant Quimby insists that the dividend represents Alden Adams' share in the partnership assets, as to which the orator is not entitled to any priority; that he is entitled to precedence because of the priority of his attachment; and that the fund is not so before this court that it

can be marshalled here. The orator urges against the defendant's claim of priority of attachment that no attachment of the dividend in the hands of the assignee, on process out of the state court, could be made.

That the dividend was not attachable on process from the state courts would seem to be quite clear. While in the hands of the assignee it would be a part of the estate of the bankrupt in the custody of the court. It would not be held the property of the debtor, but would only be property that would become his when he should get it. He could not maintain any suit against the assignee for it, nor obtain it by any legal process other than by application to the district court having control of the fund as a party to the proceedings in that court. Money in the hands of a disbursing officer of the United States, due to a private person, cannot be attached on process against such person out of a state court, because the money will not be his, but will remain the property of the United States until it is paid to him. *Buchanan* v. *Alexander*, 4 How. 20. Neither can any fund be so attached that it is so situated that the debtor in the process is not entitled to sue for and recover it. *McLaughlin* v. *Swann*, 18 How. 217; *Gassett* v. *Grout*, 4 Met. 486–488. These reasons are applicable to a dividend in the hands of an assignee. *Colby* v. *Coates*, 6 Cush. 558; *Cappel* v. *Smith*, 47 R. 312, and *Grant* v. *Harding*, in note; *In re Bridgman*, 2 Nat. Bank Reg. 252.

The order of the district court would be that the dividend be paid to Alden Adams, and there would not appear to be any tenable ground on which any other court or officer could order it paid to any one else, or order that payment to another should be payment to him, or answer the effect of the order. And if the attachments were both wholly inoperative, as the orator claims and it seems they are, there is no ground left for making the plaintiff in the first attachment or the attaching officers parties here. Payment of the dividend to them by the assignee on such process would be no more than payment to them or any one else without process, and he would remain subject to the order to pay to Alden Adams the same

as before, and no interposition through this court would make his liability any greater or different.

And if the process of the state court would have any validity or effect in attaching the dividend, there is another reason why they should not be proceeded against in this manner here. The U. S. Rev. St. § 720, provide that writs of injunction shall not be granted by any United States courts to restrain proceedings of a state court, except where authorized by law relating to proceedings in bankruptcy. The *express* authority to restrain such proceedings in the bankrupt law extends only to suits against the bankrupt himself. U. S. Rev. St. § 5106. The implied authority would extend only to proceedings to realize the assets and bring them into the custody of the bankruptcy court. Id. § 4972.

This dividend is a part of the bankrupt estate of Union Adams, but this suit has no reference to it as such, but only as a part of the property of Alden Adams. *Peck* v. *Jennes*, 7 How. 612. It is argued for the orator that the jurisdiction given to the circuit court in bankruptcy matters warrants proceeding in this manner against this fund. This jurisdiction is given by sections 4979 and 4986, Rev. St. The provisions of the former section evidently relate to actions for the recovery, defence or ascertainment of the estate of the bankrupt for his creditors. *Lathrop* v. *Drake*, 91 U. S. 516; *Burbank* v. *Bigelow*, 92 U. S. 179; and those of the latter section to the review of decisions upon questions that have arisen in the course of the proceedings in the district court. *In re Alexander*, 3 Nat. Bank Reg. 6, and 8 Am. Law Reg. 423; *Morgan* v. *Thornhill*, 11 Wall. 65. This is not a case of either class, as is apparent from the reasons before stated, and this court has not any fund as such before it, or in custody, as it would have if it were administering upon the bankrupt estate, nor on account of any other proceedings of its own, as the court in *Burbank* v. *Bigelow* had, by the appointment of a receiver.

Still the parties are residents of different states, and the amount in controversy is more than $500, so that this court has jurisdiction of the parties and of the cause of action, if

there is any ground of relief. It is doubtless true that, by the law of New York, where this partnership was and these' transactions took place, individual creditors have a preference as to individual property over firm creditors, (3 Kent Comm. 64; *Murray* v. *Murray,* 5 John. Ch. 60,) although the law may be different in some other places. *Bardwell* v. *Perry,* 19 Vt. 292. But whether the orator has such paramount lien or not, does not seem to be very material to the decision here, for the defendants are not asserting any lien that the orator is bound to take notice of, or that can affect his rights in any degree, according to his own argument. If the defendants were about to dispose of individual property by creating a lien upon it, which would be good but for the orator's paramount equity, there would be occasion for him to assert his equity. Till then he has no ground to complain.

The assignee holding the dividend ordered to be paid to Alden Adams, and the creditors of Alden, are both before the court, and if there were grounds for it the dividend should be taken to pay his debt. He is not a party to this suit, but should be, if his property and rights are to be adjudicated upon in it. If that lack could be supplied, then the question would remain whether a court of equity could grant the relief. A bill for the purpose of appropriating the dividend to the debt would be in effect an action at law, (*Wilson* v. *Koontz,* 7 Cranch, 202;) and if the dividend could not be reached at law, there is no good reason apparent why it could be by such a bill. There is no relief about the dividend which a court of equity could furnish to any party that a court of law could not. The fund is subject to the order of the district court, and neither could interfere with that. There must be some ground for equitable relief in reaching the property of the debtor before a bill will lie in such a case. *Public Works* v. *Columbia College,* 17 Wall. 521. There does not appear to be any ground on which the bill can be sustained.

Let there be a decree dismissing the bill of complaint, with costs to such defendants as have answered the bill.