MASON and others, Adm'rs, *v.* HARTFORD, P. & F. R. Co. and others.

*(Circuit Court, D. Massachusetts.* January 18, 1884.)

1. JURISDICTION OF CIRCUIT COURTS—WHEN CONCURRENT WITH DISTRICT COURT.

By section 4979 of the Revised Statutes of the United States the several circuit courts have concurrent jurisdiction with the district courts "of all suits at law or in equity, brought by an assignee in bankruptcy against any person claiming an adverse interest, or by any such person against an assignee touching any property or rights of the bankrupt transferable to or vested in such assignee." By this section jurisdiction is conferred upon the circuit courts to ascertain and adjust all lien and other specific claims upon the property vested in the assignee claimed by any person adversely to the assignee representing the general creditors, without regard to the citizenship of the parties. Nor is such jurisdiction affected by the change of interest created by a conveyance made under the decree of the district court. Having once acquired jurisdiction of the subject-matter and the parties, the court will retain it for all purposes within the scope of the equities to be enforced.

2. EFFECT GIVEN TO TESTIMONY OF PARTIES ON FORMER TRIAL.

3. BILL OF REVIVOR—STATUTE OF LIMITATIONS—LACHES.

Ordinarily a bill of revivor may be filed at any time before it is barred by the statute of limitations, which, when the suit is abated by the death of the plaintiff, begins to run from his decease, or, according to some authorities, from the time administration is taken out. Where one acquires title with full notice and subject to an incumbrance of a lien, he cannot charge laches on the part of the person bringing suit to enforce the lien if the suit is brought within the time prescribed by the statute.

In Equity.

*S. E. Baldwin,* for defendants.

*A. Payne, T. E. Graves,* and *W. S. B. Hopkins,* for complainants.

NELSON, J. This is a bill of revivor and supplement filed by the administrators of Earl P. Mason, to revive a suit abated by his decease, and to bring in as defendants parties who have succeeded to the interest of some of the original defendants. The facts and proceedings in the suit, so far as it is necessary to state them, are as follows:

The original bill was filed in this court by Earl P. Mason in December, 1871, against the Hartford, Providence & Fishkill Railroad Company, whose road and franchises had been previously conveyed to and formed part of the railroad of the Boston, Hartford & Erie Railroad Company, the assignees in bankruptcy of the Boston, Hartford & Erie Railroad Company, adjudicated bankrupt by the district court of this district in March, 1871, the trustees under mortgages of the Hartford, Providence & Fishkill Railroad made prior to the consolidation, the trustees of the Berdell mortgage of the Boston, Hartford & Erie Railroad, made subsequent to the consolidation, and the treasurer of the state of Connecticut. The object of the bill was to enforce against that part of the Boston, Hartford & Erie Railroad in the states of Rhode Island and Connecticut, which was formerly the Hartford, Providence & Fishkill Railroad, a lien claimed by the plaintiff to exist on account of certain preferred stock issued by the Hartford, Providence & Fishkill Railroad Company in 1854, before the consolidation, the certificates of which stock contained a clause that the par value thereof was "demandable by the holder of the same from the company, at any time after April 1, 1865," and a demand of payment made upon the company in March, 1871. To that bill answers were filed in 1873, and replications were filed October 15, 1875.

On July 27, 1875, the trustees under the Berdell mortgage conveyed the whole railroad to the New York & New England Railroad Company.

On July 21, 1875, the district court, upon the application of the assignees, made an order authorizing and directing them to sell and convey their interest as assignees in the Boston, Hartford & Erie Railroad to the New York & New England Railroad Company, and in the order directed, at the request of Mason, that the deed of conveyance should contain a proviso and condition that "nothing in the same should be construed to affect the rights of any person or corporation, if any, holding stock, whether common or preferred, in the Hartford, Providence & Fishkill Railroad Company." In pursuance of this order, the assignees on July 28, 1875, conveyed their interest in the road to the New York & New England Railroad Company by a deed which contained the proviso and condition above mentioned, and also contained a stipulation by the grantee that it would assume the defense of this and of other suits then pending against the assignees, and would protect them therefrom.

On September 21, 1876, before any further proceedings were had in the suit, Earl P. Mason died intestate, and July 25, 1881, the present plaintiffs took out administration upon his estate in this district. The present bill was filed March 23, 1882, against the original surviving defendants, the New York & New England Railroad Company and Aldrich, Cooley & Gardener, who have been appointed trustees under the mortgages of the Hartford, Providence & Fishkill road, in place of three deceased defendants in the original bill.

In December, 1875, Earl P. Mason joined with the Boston & Providence Railroad Company and others, as owners of stock in the Hartford, Providence & Fishkill Railroad Company, in filing a bill in equity in the supreme court of Rhode Island, against the New York & New England Railroad Company and others, to set aside, as unauthorized and void, the conveyance of the Hartford, Providence & Fishkill road to the Boston, Hartford & Erie Railroad Company. That suit terminated March 12, 1881, by the entry of a final decree dismissing the bill.

The bill of revivor states the proceedings subsequent to the death of Earl P. Mason, and prays that the original suit may be revived for the benefit of his administrators. To this bill the New York & New England Railroad Company filed a demurrer to part, and plea to the residue, and three other defendants filed a plea to the whole bill. The case was heard upon the pleas and demurrer, and upon certain agreed facts which were made part of the case by stipulation of the parties.

1. By the demurrer of the New York & New England Railroad Company, objection is taken to the jurisdiction of the court for want of the requisite citizenship of the parties. Objection to the jurisdiction of the court, when the defect appears of record, may be taken at any stage of the proceedings; and the record in this case shows that in the original suit, and also in the bill of revivor, citizens of Rhode Island appear both as plaintiff and defendant. But we are of opinion that in this case jurisdiction does not depend upon the citizenship of the parties. By section 4979 of the Revised Statutes the several circuit courts have concurrent jurisdiction with the district courts "of all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by any such person against an assignee, touching any property or rights of the bankrupt transferable to or vested in such assignee." By this section jurisdiction

is conferred upon the circuit courts to ascertain and adjust all liens and other specific claims upon the property vested in the assignee, claimed by any person adversely to the assignee as representing the general creditors, without regard to the citizenship of the parties. This has been settled by repeated decisions of the supreme court. *Smith* v. *Mason,* 14 Wall. 419; *Marshall* v. *Knox,* 16 Wall. 551; *Lathrop* v. *Drake,* 91 U. S. 516; *Eyster* v. *Gaff,* Id. 521; *Burbank* v. *Bigelow,* 92 U. S. 179; *Dudley* v. *Easton,* 104 U. S. 103. This case comes within the very letter of the statute. The plaintiff sets up, and seeks to enforce against a part of the railroad which was transferred to the assignees, by virtue of their assignment, a lien alleged to have been created, under the laws of Rhode Island and Connecticut, by the issue of preferred stock. That this court has jurisdiction to determine its validity, and if found valid to enforce it against the property, is clear. Nor is the jurisdiction affected by the change of interest created by the conveyance made under the order of the district court. Having once acquired jurisdiction of the subject-matter and the parties, the court will retain it for all purposes within the scope of the equities to be enforced. *Ober* v. *Gallagher,* 93 U. S. 199; *Ward* v. *Todd,* 103 U. S. 327. The conveyance to the New York & New England Railroad Company was made expressly subject to any lien which can be enforced against the road in this suit, and the case must therefore proceed as if no such conveyance had been made.

2. At the hearing of the Rhode Island suit, the present plaintiffs, the Rhode Island administrators of Earl P. Mason, were called as witnesses, and when asked whether in their capacity as administrators they were the possessors of any stock of the Hartford, Providence & Fishkill Railroad Company, answered that they had found among the effects of the deceased 281 shares of the common stock and 139 shares of the preferred stock. The defendants insist that by thus testifying they elected to treat the preferred shares as stock, and have thereby waived the right to treat it as an indebtedness in this suit. We do not think such a result can fairly be claimed from their testimony. Upon an inspection of the bill in that case, it is apparent that the plaintiffs in it sought relief as holders of the common stock, and not of the preferred stock. Their ownership of the common stock was the material point in issue, and so much of their answer as declared their ownership of the preferred stock was immaterial and unimportant. It would be unjust and inequitable to hold that their testimony amounted to an election to waive all rights acquired by their intestate by his demand of payment of the par value of the shares. That was plainly not their meaning, and no such effect should be now given to their testimony.

3. The next defense is laches. Ordinarily a bill of revivor may be filed at any time before it is barred by the statute of limitations, which, when the suit is abated by the death of the plaintiff, begins to run from his decease, or, according to some authorities, from the time

administration is taken out.   Story, Eq. Pl. § 831; 56th Equity Rule. In this case the bill of revivor was filed within six years after the death of the original plaintiff, and within eight months after administration was taken out.   But the New York & New England Railroad Company charges that before the filing of the bill of revivor it had expended over $4,000,000 in obtaining possession of the road, in paying off liens, and in improving and completing it.   But it acquired its title with full notice and subject to the incumbrance of the lien claimed in this suit.   By its deed of conveyance it assumed the defense of the suit, and became from that time the real defendant.   It can therefore stand in no better position than its grantors, the original defendants.   During the pendency of the Rhode Island case this suit was allowed to lie dormant, with the acquiescence of both parties, since the success of the plaintiffs in that suit would have rendered this case of no importance.   The expenditures of the New York & New England Company were not induced by the conduct of these plaintiffs or their intestate.   They were made at its own risk, and ought not to preclude the plaintiffs from enforcing their lien.

The merits of the original bill are not open at this stage of the suit, and have not been considered.   *Fretz* v. *Stover*, 22 Wall. 198.

Other points were urged at the hearing by the learned counsel for the defendants, but none of them appear to be of sufficient importance to require comment, and they are overruled.

Plea and demurrers overruled.