## LEHMAN *v.* LaForge.

### *(Circuit Court, E. D. New York. May 13, 1890.)*

1. BANKRUPTCY—FEDERAL JURISDICTION—RIGHTS OF ASSIGNEE.
   Under Act Cong. June 7, 1878, (20 St. U. S. p. 99, c. 160,) and act of March 3, 1887, (24 St. U. S. p. 552, c. 373,) repealing the bankrupt law, except as to cases pending, including rights of debtors and creditors, "and rights of and suits by or against assignees" in any matter or case which had arisen, or which might thereafter arise, and saving the jurisdiction of the United States circuit courts in such cases, the circuit court has jurisdiction of a suit by an assignee in bankruptcy to prevent a person from establishing on the bankrupt's property, by proceedings in a state court, the lien of a fraudulent judgment obtained in 1869.

2. SAME—SUIT TO ENJOIN ENFORCEMENT OF JUDGMENT—EVIDENCE.
   In such suit, though the judgment was rendered by a court of competent jurisdiction, and is regular on its face, the oral admissions and declarations of defendant that it was fraudulently obtained are sufficient to defeat its operation, where such statements were deliberately made, in answer to inquiries by interested persons, and with such detail of circumstances and reasons as to leave no doubt that he fully understood what he said.

3. SAME—INTEREST OF ASSIGNEE IN BANKRUPT'S PROPERTY.
   Rev. St. U. S. § 5046, vests in the assignee in bankruptcy the title to all property of the bankrupt conveyed in fraud of creditors; and Code Civil Proc. N. Y. § 382, provides that actions founded on fraud, except for the recovery of money, do not accrue until the fraud is discovered. *Held,* that an assignee in bankruptcy has sufficient interest in property conveyed by the bankrupt in fraud of creditors, where the bar of the statute of limitations is not completed, from the time the fraud was discovered, to maintain a suit to prevent such property from being subjected to the lien of a fraudulent judgment.

4. SAME—POSSESSION OF PROPERTY BY ASSIGNEE.
   It is not necessary, to entitle the assignee to maintain such suit, that he have actual possession of the property.

5. SAME—LIMITATION OF ACTIONS BY ASSIGNEE.
   The two-years limitation on suits "between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferrable to or vested in such assignee," imposed by Rev. St. U. S. § 5057, does not apply, in such suit, where the suit is brought within two years after defendant commenced proceedings to establish the lien. The assignee seeks to prevent the establishing of the lien, and not to set aside the judgment.

6. SAME—POSSESSION BY ASSIGNEE.
   The objection that the assignee may not be able to obtain possession of the property on which the judgment is sought to be established as a lien cannot be sustained by defendant where he is a party to the proceedings in bankruptcy; since, if the proceedings go through without reaching the property, the assignee's right to it ceases, and defendant can then enforce his judgment.

In Equity.
*Henry Daily, Jr.,* for the orator.
*Roswell W. Keene,* for defendant.

WHEELER, J. On November 3, 1869, judgment was entered in the superior court of the city of New York in favor of the defendant against

William A. Hoar for $4,995.48. On the 5th day of June, 1871, Hoar was adjudged a bankrupt in this district. His property was concealed, and the title to it stood in the names of others, and none of it came to the hands of the assignee. Deeds of it from those in whom the title stood were made, and delivered privately to him, and kept by him without being registered. He died in 1885. An administrator of his estate was appointed; and these deeds, found among his effects, were registered. On the 24th day of May, 1888, judgment was entered on the former judgment in the supreme court in the county of Kings in favor of the defendant, against the administrator, for $11,064.49, and thereupon proceedings were commenced for the sale of the real estate in the surrogate's court for the satisfaction of this judgment. At. the instance of creditors in bankruptcy, the orator, on the 8th of March, 1889, was made the assignee in bankruptcy, in place of the former assignee;. and the property, on the 5th day of June, 1871, of the bankrupt, was assigned to him. This bill was brought on the 12th of March, 1889, in which the orator alleges that the judgment in favor of the defendant was entirely without any foundation whatever, and wholly fraudulent and void as to creditors in bankruptcy, and prays to relieve the estate in bankruptcy from it. The answer denies that the judgment was without foundation, or fraudulent, and that the estate represents property of the bankrupt in 1871, and challenges the jurisdiction of this court.

The act of June 7, 1878, to repeal the bankrupt law, left the provisions of that law in force as to all pending cases and future proceedings therein, including rights of debtors and creditors, "and rights of and suits by or against assignees," in any matter or case which had arisen, or which should thereafter arise. 20 St. U. S. p. 99, c. 160. The circuit courts have jurisdiction in matters of bankruptcy. Rev. St. U. S. § 630. The title of the orator arises wholly by the laws of the United States, and, jurisdiction of this court if a suit upon it is saved by the act of March 3, 1887, (24 St. U. S. p. 552, c. 373, § 1.) The jurisdiction of this court of this case seems unquestionable. Lathrop v. Drake, 91 U. S. 516; Burbank v. Bigelow, 92 U. S. 179.

The proof of the want of foundation for, and fraudulent character of, the judgment, rests upon oral declarations of the defendant. Counsel argue, in his behalf, that such evidence is inadequate to defeat the operation of a judgment of a court of record regular on its face. That the admissions and declarations of a party are competent evidence against him, that the facts are as he states them to be, is elementary. Best, Ev. §§ 519, 520, (Wood's Ed., 948;) Gaines v. Relf, 12 How. 472; Insurance Co. v. Newton, 22 Wall. 32. If the declarations were merely casual or loose, and disputed or explained, they might be regarded as of insufficient weight to impeach the judgment. But these statements of the defendant appear to have been made deliberately, in answer to inquiries made by those interested, at several times, to various persons, and with so much detail of circumstances and reasons as to leave no room for doubt that the defendant fully understood what he said,—said what he meant,

—or that what he said has been correctly reproduced. The defendant is a competent witness, near by, and he has not testified in explanation or denial of his statements, nor produced any evidence to show the facts to be in reality otherwise than according to his statements as proved. The weight of the evidence, when it is considered, is quite satisfactory to the extent and effect that the judgment was a mere hollow sham, set up as a menace to those claiming to reach the property of the bankrupt; and that the defendant is now seeking to take advantage of the position of creditors in the judgment to reach the property of the bankrupt, contrary to the purpose of the judgment, and to the rights of the creditors of the bankrupt. *Hopt* v. *Utah*, 110 U. S. 574, 4 Sup. Ct. Rep. 202. That the real estate in question was partly property of the bankrupt on June 5, 1871, and partly came from such property, the title to all of which was concealed till after administration on the bankrupt's estate, also satisfactorily appears. The placing of the title in the name of others was a conveyance in fraud of creditors, and all property so conveyed by a bankrupt was by the bankrupt law expressly vested in the assignee. Rev. St. U. S. § 5046. Such a judgment as this would be void by the principles of the common law as affirmed and enacted in the statute of 13th Eliz., which is a part of the common and statute law of this country in respect to creditors. 4 Kent. Comm. 462. The assignee in bankruptcy has ever since he has been such had the right to this property of the bankrupt, free from this judgment, whenever it could be discovered and reached. The case does not show that any other person is claiming this property adversely to the orator; and, if such claim should be made, the right of the orator would seem to be good, and the fraudulent concealment of title might be sufficient to save it from loss by any statute of limitations, should it be set up against the right. By the laws of the state, actions founded on fraud, except for the recovery of money, do not accrue till the fraud is discovered. Code Civil Proc. § 382. That statute, as a rule of property, might furnish a guide in this court with reference to general statutes of limitation, which are somewhat relied upon in argument. *Clark* v. *Smith*, 13 Pet. 195. And, usually, time does not begin to run against rights of action concealed by fraud till after the fraud is discovered. *Michoud* v. *Girod*, 4 How. 503; *Moore* v. *Greene*, 19 How. 69; *Badger* v. *Badger*, 2 Wall. 87. The orator thus appears to have sufficient title to and interest in the property to maintain this bill. *Ward* v. *Chamberlain*, 2 Black, 430; *Stone-Cutter Co.* v. *Jones*, 21 Blatchf. 138, 13 Fed. Rep. 567.

Counsel for defendant raise objection, in argument, that the orator has not possession; but neither bill or answer sets up either possession or want of it, or makes any question about it. In the former of the two cases last cited, possession in such a case does not appear to have been deemed material; and, in the latter, that the orator was not in possession clearly appeared, and yet the bill was maintained. The defendant's judgment did not of itself constitute any cloud upon the title. He is endeavoring by proceedings in the surrogate's court to create one; and this bill is brought rather to prevent than to remove one.

The limitation of two years on suits by assignees in bankruptcy, imposed by section 5057, Rev. St. U. S.,[1] is relied upon as a bar to this suit. If this statute was set up, and its running would not be saved by fraud, it would seem to be a bar to any suit to set aside the original judgment. But this suit is not maintainable in this court to set aside or annul the judgment of the state court as such. The orator has no right to or interest in that judgment. He is interested only in preventing proceedings upon it to reach the property of the bankrupt. These have been started by the defendant within the two years. The right of action against them accrued within that time. All the orator is entitled to is to have those stayed. *Ward* v. *Chamberlain*, and *Stone-Cutter Co.* v. *Jones*, before cited. Such a stay appears to be excepted out of the prohibition of injunctions in the United States courts to stay proceedings in state courts, being a proceeding in bankruptcy. Rev. St. U. S. § 720. Leave is asked in behalf of the defendant to set up the statute of limitations, if necessary, to save his rights. It would not save anything against this relief. Besides, this discretion would not be freely exercised in aid of a bar to relief from proceedings on such a judgment.

That the orator may not obtain possession of this property as against others is urged as a reason for not granting relief against the defendant. But diverse claims cannot be all settled at once. The defendant instituted the bankruptcy proceedings, and is a party to them, entitled to move to speed them. If the proceedings go through without reaching this property, the orator's right to it, on which relief here is founded, will fail, and it will still be left for administration in the surrogate's court. If, as urged with plausibility, and perhaps correctly, any after-acquired property came with the other property into this real estate, so that creditors have a right to a share of it outside of the bankruptcy proceedings, the bankrupt law provides for the adjustment of such rights in the bankrupt court in favor of those entitled to them. Rev. St. U. S. § 4972. All just claims of the defendant may be safely followed there. Let a decree be entered in favor of the orator, as assignee in bankruptcy, for an injunction to restrain the defendant from further proceedings in the surrogate's court against the property in the bill of complaint described, during the pendency of the proceedings in bankruptcy, with costs.

---

[1] Rev. St. U. S. § 5057, provides that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching the * * * rights of property transferrable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. * * *"