### In re HOLLANDER.

(District Court, D. Maryland. October 21, 1910.)

1. GARNISHMENT (§ 58*)—BANKRUPTCY—DIVIDENDS.
    Dividends in the hands of a trustee in bankruptcy are not subject to attachment, though the state law permits attachment of money in the hands of a trustee appointed by a court of chancery, after the amount to be paid out by him has been definitely ascertained by the court and nothing remains for him to do but to pay the sum over to the person whose credits are attached.
    [Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 58.*]

2. BANKRUPTCY (§ 360*)—DIVIDENDS—PAYMENT.
    Where petitioner neither claimed title to nor a specific lien on a fund in the hands of a bankrupt's trustee, payable as dividends to a creditor, and did not procure the appointment of a receiver, who had succeeded to the creditor's title, the bankruptcy court would not suspend payment of the dividend to the creditor and order payment to the petitioner.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 360.*]

In the matter of Max I. Hollander, bankrupt. On petition of S. John Lion for permission to attach in the hands of the bankrupt's trustee money belonging to a creditor of the bankrupt and payable to the creditor as a dividend out of the bankrupt's estate, or for an order of the bankruptcy court directing the trustee to pay over the dividend to the petitioner. Denied.

Walter C. Mylander, for petitioner.
E. H. Young, for respondent.

ROSE, District Judge. In this case Louisa V. Gallion is a creditor of the bankrupt. Her claim has been duly filed and allowed. The referee has stated a distribution account, and she is awarded a dividend of $224.42.

A petition has been filed by S. John Lion, in which he sets forth that he has recovered in the circuit court of Cecil county, Md., judgment

against her 'for $457.37. The petition then alleges that, under the law of Maryland, he would be allowed to attach in the hands of a third person money due to her, and that she has no property within the reach of execution, and that he is helpless unless he shall be allowed to proceed against such funds of the bankrupt estate now in the hands of the trustee as are or may become due therefrom to her. He prays that the trustee be directed to pay the judgment out of the money due, or which may become due, by the bankrupt estate to the judgment debtor, and for such other and further relief as the court may think proper.

Where there are two or more persons who claim to be entitled to a fund in the possession of the court, or who claim to have liens upon that fund, the court necessarily has jurisdiction to decide upon their relative claims and contentions. But where, as in this case, the petitioner neither claims title to nor specific lien upon the fund in question, and has not procured the appointment of a receiver, who has succeeded to the creditor's title, the court cannot be asked to suspend or deny the right of the creditor to receive his dividend. In re Kohlsaat, 14 Fed. Cas. 833.

If it be clear, as above stated, that the court has no legal right to do what is asked, it is quite as certain that it would be very unfortunate, from a practical standpoint, if the rule of law were otherwise. If the specific relief asked in this case could be granted, every person who had obtained a judgment, not only in a court of record, but before a justice of the peace, for any sum, however small, against any one who was entitled to a dividend in a bankruptcy case, could come into this court to obtain payment out of such dividend. He would likely, in many cases, be met by claims of assignees, who would assert that the dividend had been assigned to them prior to the date of the recovery of the judgment. This court would be called upon to pass upon many cases of small importance, but likely to be bitterly contested, and over which it was never contemplated it should have any jurisdiction.

It has been suggested that, under the prayer for general relief, this court may authorize the petitioner to sue out in a state court an attachment and lay the same in the hands of the trustee in bankruptcy. In Maryland, and in many other states, the law permits an attachment to be laid in the hands of a trustee appointed by a court of chancery to bind the funds in his hands, after the amount to be paid out by him has been definitely ascertained by the court, and nothing remains for him to do but to pay the sum over to the person whose credits are attached. McPherson v. Snowden, 19 Md. 197; Drake on Attachments, § 409 a; Groome v. Lewis, 23 Md. 152, 87 Am. Dec. 563.

It may not be possible satisfactorily to distinguish the case of such a trustee from that of a trustee in bankruptcy; but the law is well settled that the dividends in the hands of a trustee in bankruptcy are not subject to attachment. In re Cunningham, 6 Fed. Cas. 958; In re Chisolm, 5 Fed. Cas. 640; Gilbert v. Quimby (C. C.) 1 Fed. 111; In re Bridgman, 4 Fed. Cas. 112; Cowart v. Caldwell (Ga.) 68 S. E. 500, 24 Am. Bankr. Rep. 546; Colby v. Coates, 6 Cush. (Mass.) 558.

It is probable that such attachments are not allowed, as a part of the general and wise policy of avoiding, as far as may be, every opportunity for possible conflict between a court of the state and the United States, and between either of these courts and the officers of the other.

It follows that the petition must be dismissed.