## Case No. 9,699.

In re MOLLER et al.

[8 Ben. 526.] [1]

District Court, S. D. New York. Nov., 1876.[2]

BANKRUPTCY—VALUE OF PREMISES—FORECLOSURE SALE—WAIVER—TAXES AND ASSESSMENTS—PROOF OF DEBT.

1. After an adjudication of bankruptcy, a suit was brought in a state court to foreclose two mortgages on real estate, which had been made by the bankrupt. The suit was commenced without obtaining the leave of the bankruptcy court. The bankrupt and his wife and the assignee in bankruptcy were made parties defendant and were served with process. The bankrupt and his wife made default. The assignee appeared and answered, but afterwards withdrew his answer, on a stipulation that he should receive notice of sale under the decree of foreclosure. The decree of foreclosure was made and the assignee received notice of the sale, as stipulated, and he himself advertised the sale, and, at the sale, the premises were bought by the mortgagee. The mortgagee then applied to this court for an order that the purchase price, less the expenses of the suit and the sale, be taken to be the ascertained value of the premises, under the provisions of section 5075 of the Revised Statutes, and be the amount to be deducted from the claim of the mortgagee against the estate of the mortgagor. He also applied for an order directing the assignee to pay in full a certain tax and assessment and water rate on the mortgaged premises. The tax was laid and the assessment made before the proceedings in bankruptcy were commenced, while the bankrupt owned the premises, and the water tax was laid while they were occupied by the assignee in bankruptcy. No applications had been made by the authorities of the state for their payment, and the mortgagee had not put in any proof of such claims: Held, that the provision of section 5075 of the Revised Statutes, that the property covered by a mortgage shall be sold in such manner as the bankruptcy court shall direct, is a provision for the benefit and protection of the unsecured creditors represented by the assignee, and he may, for himself and them, waive it.

[Cited in Bradley v. Adams Express Co., 3 Fed. 897.]

2. The action of the assignee amounted to a waiver of such provision, in this case.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 9,700.]

3. The water tax should be paid in full by the assignee, as a part of the proper expense of his administration of the estate.

4. The tax and assessment should also be paid by the assignee in full.

5. No formal proof of debt in respect to such claims was needed.

In bankruptcy.

E. Coffin, Jr., for applicants.
Scott & Crowell, for assignee.

BLATCHFORD, District Judge. The executor of Douglas Sloane petitions for an order that the sum of $21,100, bid for the mortgaged premises, on sales of them under decrees of foreclosure made in two suits in the state court, less the expenses of the suits and of the sales, be taken as, and declared to be, the ascertained value of the premises, under the provisions of section 5075 of the Revised Statutes, and be the amount to be deducted from the claims of such executor against the estate of the bankrupt, William Moller, who was the mortgagor, on the bonds to secure which the mortgages, two in number, were given, in the same manner as though said sales had been made under the order of this court. The bonds were executed in January, 1875. One of them was conditioned to pay $13,000 and the other $8,578.94. Their full amount, with interest from August 1st, 1875, became due. One of them was secured by a mortgage on one piece of land, and the other by a mortgage on another piece of land. The adjudication of bankruptcy herein was made November 20th, 1875. On the 7th of March, 1876, the executor, without having first obtained the leave of this court for the purpose, brought suits in the state court to foreclose the mortgages, making the bankrupt and his wife and the assignee in bankruptcy parties defendant to the suits, and duly serving them with process. The bankrupt and his wife made default. The assignee in bankruptcy appeared in the suits and put in an answer in each suit, but afterwards withdrew the answers, by stipulation, with the reservation that notices of sales under the decrees of foreclosure, if the same should be made, should be given to him. Decrees of foreclosure were rendered on the 16th of June, 1876, which directed that the mortgaged premises should be sold at public auction, under the direction of a referee. The sales were duly advertised, and due notice of the same was given to the assignee, and he himself further advertised the sales in certain newspapers. The sales took place and the premises were purchased by the executor for $21,100.

It is provided by section 5075 of the Revised Statutes, that, when a creditor has a mortgage of real property of the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property, "to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct, or the creditor may release or convey his claim to the assignee upon such property and be admitted to prove his whole debt;" that "if the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein, on receiving such excess, or he may sell the property subject to the claim of the creditor thereon;" that "in either case, the assignee and creditor respectively shall execute all deeds and writings necessary or proper to consummate the transaction;" and that, "if the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt." In opposition to the application, it is contended, for the assignee in bankruptcy, that the value of the mortgaged premises has not been ascertained by agreement between him and the creditor, and that there has not been a sale of them made in such manner as this court has directed, and that, therefore, the creditor cannot be allowed to prove any part of his debt; that the creditor has chosen to rely upon his security, and has abandoned all right to prove any debt for a deficiency in the value of the security, because he instituted his foreclosure suits without the leave of this court first obtained and after the adjudication in bankruptcy; and that he cannot be heard to make this application, because, prior to making it, he had not proved his claim in this court, either as a secured claim, or otherwise.

A court of bankruptcy is a court of equity. The assignee in bankruptcy represents the creditors. As between the creditors other than this executor, such creditors have been represented by the assignee and have been heard through him and have acted through him. He was duly made a party to the foreclosure suits and appeared in them, and put in answers, which he then withdrew, stipulating only that he should have notice of any sales to be made under decrees of foreclosure which might be entered in the suits. He had thus a full opportunity to set up by answer any defence he had, whether alleged want of jurisdiction in the state court, or otherwise. He made no application to this court to enjoin the creditor from disposing of the property of the bankrupt by sales under the decrees or to stay proceedings in the suits. It is not alleged that there was any misfeasance or irregularity in the proceedings of the creditor, or that the premises did not produce on the sales as much as they ought to have produced on any sale made at the time. Under these circumstances, the assignee must be held to have assented to and acquiesced in the sales, and to be estopped from questioning them. The value of the premises has been substantially, and to all intents and purposes, ascertained by agreement between the creditor and the assignee, within the meaning of section 5075. The assignee voluntarily submitted to have the

premises sold under the decrees of the state court. The provision of section 5075, that the property covered by a mortgage shall be sold in such manner as the bankruptcy court shall direct, is a provision for the benefit and protection of the unsecured creditors represented by the assignee, and he may, for himself and for them, waive such benefit and permit the property to be sold in a suit in the state court, by regular proceedings of foreclosure, and its value to be thus ascertained. He does make such waiver, if he, with full notice, acts as the assignee in this case acted. The state court had prima facie jurisdiction to foreclose the mortgages, even though the foreclosure suits were commenced after the adjudication in bankruptcy. The assignee virtually assented, by his conduct, to the proceedings in the state courts, and it is too late now for him to object to them, especially in this collateral way. Mays v. Fritton, 20 Wall. [87 U. S.] 414; Doe v. Childress, 21 Wall. [88 U. S.] 642; Scott v. Kelly, 22 Wall. [89 U. S.] 57; Eyster v. Gaff. 91 U. S. 521.

The executor also applies to this court for a direction to the assignee to pay in full certain taxes and assessments and Croton water rents upon the said mortgaged premises, as preferred debts to be paid in full, under the third subdivision of section 5101 of the Revised Statutes, on the ground that they are taxes and assessments made under the laws of the state of New York. In 1875, and before the proceedings in bankruptcy were commenced, a tax of $470.40, under the laws of that state, became payable by the bankrupt as owner of the mortgaged premises, being the annual tax for the year 1875. This tax was assessed and laid upon the bankrupt as the owner of the mortgaged premises. In March, 1875, and before the proceedings in bankruptcy were commenced, and while the bankrupt owned the mortgaged premises, an assessment under the laws of New York, for constructing a sewer, was made upon the bankrupt as the owner of said premises, for the sum of $41.84. On the 1st of May, 1876, and after the adjudication of bankruptcy herein, and while the premises were owned and occupied by the assignee in bankruptcy, a water tax of $31, to be collected from the owner or occupant of said premises, became due under the laws of New York. By the laws of New York these taxes and assessments are made liens on the premises, prior to the liens of the mortgages, and the executor will be obliged to pay the same before he can obtain a clear title to the premises under the foreclosure sales. The assignee has funds enough to pay these taxes and assessments in full. In opposition to this application, it is contended, for the assignee, that such taxes and assessments are a lien on the premises; that

the premises are first liable for such taxes; that the mortgages were taken, subject to the right to impose the taxes and assessments on the premises; that the executor is not entitled to assert such priority in the absence of any application by the authorities of the state for the payment of such taxes and assessments out of the personal assets of the bankrupt; and that the executor has not put in a proof of this claim.

Although, for the protection of the state and to give it security for the collection of taxes and assessments, they are made liens on the premises in respect of which they are levied and made, and which are owned by the person against whom they are assessed, yet, under the laws of New York, they are personal debts of the person against whom, as owner of the premises, they are assessed. The owner of lands is assessed for the lands he owns, and the tax is imposed upon him personally, and can be collected from his property. It is, therefore, a personal debt due from him to the state for a tax or assessment. If the tax or assessment in this case be not paid, and the land be sold by the state to pay it, the sale will be a sale to satisfy a liability of the bankrupt. Rundell v. Lakey, 40 N. Y. 513. As the bankrupt failed to discharge this liability, and as such liability can now be discharged only by a sale of the premises, unless discharged by the assignee in full, and as such liability is made by section 5101 a preferred claim, and as the premises have passed into the hands of the executor, it is entirely reasonable and proper that such liability should be discharged by the assignee in full, in exoneration of the premises and of the executor. If, instead of being sold under the decrees of foreclosure, the premises had been sold by the assignee, the purchaser would have had a right to call upon the assignee to pay these taxes and assessments in full, under the facts in this case. The water tax ought to be paid in full by the assignee, as a part of the proper expenses of his administration of the estate.

As to the objection, that the claims have not been proved, there is no claim in respect to the taxes and assessments which needs any proof of debt, inasmuch as it does not appear that the executor has paid the taxes and assessments; and in respect to the claim for a deficiency on the sale of the mortgaged premises, it will be sufficient if the claim be proved when the amount of it shall be definitely fixed.

The applications must, both of them, be granted, but, if it be necessary to have a reference to ascertain exact amounts, one may be had.

[The decision in this case was affirmed in the circuit court upon appeal by the assignee. Case No. 9,700.]