## Case No. 1,877.

### BRIGHT v. MILWAUKEE & ST. P. R. CO. et al.

[14 Blatchf. 214.][1]

Circuit Court, S. D. New York. May 7, 1877.

REMOVAL OF CAUSES—APPLICATION—FILING RECORD.

The plaintiff in a suit in equity in a state court presented to that court, on the 4th of February, 1876, a petition for its removal to this court, under the act of March 3d, 1875 (18 Stat. 470), with the proper bond. The session of this court next after the 4th of February began, by law, on the last Monday of February. The plaintiff did not file in this court a copy of the record until the first day of the ensuing April term of this court; Held, that the suit must be remanded to the state court, with costs, as not removed to this court according to law.

[Cited in McLean v. St. Paul & Chicago R. Co., Case No. 8,892; Woolridge v. McKenna, 8 Fed. 667; Stoutenburgh v. Wharton, 18 Fed. 3. Distinguished in Rowell v. Hill, 28 Fed. 433.]

In equity.

[Bill by Aaron S. Bright against the Milwaukee & St. Paul Railroad Company and others. Defendant's motion to set aside an order was granted, and the cause remanded to the state court.]

Francis Fellowes, John K. Porter, and William Barnes, for plaintiff.

Francis N. Bangs, for defendants.

JOHNSON, Circuit Judge. This is an application, on the part of the defendant company, to set aside an order, entered on the 3d day of April, 1876, that being the first Monday of April in that year, and the first day of the April term of this court, in the equity rule book, by which it was ordered that the above cause should proceed in this court in the same manner as if the same had been originally brought in this court. This order, being taken by the party on his own motion, is operative only in case he was entitled by law to enter it. The action was pending in the supreme court of the state of New York, and was of that class which, if it had been originally brought in this court, would have taken the form of a bill in equity. The steps on which the plaintiff relies to make out his right to remove the cause, and its actual removal, are disclosed in the papers. They consist of the presentation and filing in the supreme court of New York, on the 4th day of February, 1876, of a petition for removal, in the form required by the act of congress of March 3d, 1875 (18 Stat.

470), and a proper bond conditioned for entering in this court, on the first day of its then next session, a copy of the record in such suit, and conforming in other respects to the requirements of the statute. It is only by compliance with the requirement of the condition before mentioned, that this court becomes possessed of the cause. Now, in this district, the session of the circuit court next after the 4th day of February, 1876, commenced upon the last Monday of February, which, in that year, happened on the 28th. It was on the first day of this term that it was necessary for the plaintiff to file the copy of the record, in order to transfer the cause to this court. The February, April and October terms are the three regular terms of this court, each of which in succession supersedes the preceding term, differing, in this respect, from the special and exclusive criminal terms, as to which it is provided by law, that they shall not in any way affect the holding of any other term at the same time. Rev. St. § 658. These criminal terms have been held not to be sessions of the court, within the meaning of the statutes concerning the removal of causes. Jones v. Oceanic Steam Nav. Co. [Case No. 7,485].

The order of the 3rd of April, 1876, was, therefore, irregular and must be set aside, and the cause must be remanded to the supreme court of the state of New York, as not removed to this court according to law, with costs.