IN THE MATTER OF THE ASSIGNMENT OF JOHN W. LEWIS TO JOHN
    A. DAVENPORT, FOR THE BENEFIT OF CREDITORS.

(Decided April 5th, 1880.)

Under a general assignment for the benefit of creditors, the court will not
    order the payment by the assignee, in preference to private creditors of
    the assignor, of taxes imposed, under laws of the State, upon his real
    estate, and not preferred by him in the assignment.  Unless preferred by
    the debtor, the State shares with private creditors in the distribution by
    the assignee, except as to the right of the State to priority of payment
    of taxes out of the particular property on which the tax is imposed.

APPEAL from an order of this court at special term denying
a petition that an assignee under a general assignment for the
benefit of creditors be directed to pay the taxes upon certain
real estate conveyed by the assignment.

The petitioners were George P. Upham and William W.
Tucker, to whom as trustees the assignor, John W. Lewis, in
1876 executed a bond for $25,000, secured by mortgage of
certain premises on Greenwich and Washington streets, in the
city of New York.   In June, 1876, Lewis made a general
assignment to John A. Davenport for the benefit of his credi-
tors.   He had failed to pay the taxes for 1877 and 1878 assessed
against him as the owner of the assigned property, and his
assignee failed to pay the taxes for 1879, and the Croton water
tax for that year.   The amount due in all for taxes was $1,556,
and $44.56 for Croton water.   After the assignment, the peti-
tioners, in pursuance of the terms of the mortgage, commenced
a suit for foreclosure, and $26,336.80 was adjudged due as of
November 20, 1879, and a decree entered in due form ordering
the sale of the property.   It being apparent that a deficiency
would arise on the sale, the petitioners commenced this proceed-
ing to compel the assignee to pay the taxes for 1877 and 1878,
assessed against his assignor, on the ground that they were
preferred debts due to the State, and the taxes of 1879 and
Croton water tax, assessed against the assignee, as preferred

debts or expenses of the trust; or in case, in carrying out a sale they should be paid, to compel the assignee to refund them. The assignee showed in opposition that no provision was made. in the assignment for these taxes as a preferred debt. Upon the hearing, at special term, the petition was denied. From the order entered denying their application, the petitioners appealed.

*Strong & Cadwalader*, for appellants.—These taxes are debts due to the State by Lewis and the assignee, the parties against whom the lands were assessed, and are personal debts as much as personal taxes. That a collateral lien exists in favor of the State against the lands, does not affect the question. Lewis or his assignee could have been sued for his taxes in a personal suit, and would be liable for taxes whether the real estate was sufficient security or not (*Rundell* v. *Lakey*, 40 N. Y. 513; *Barlow* v. *St. Nicholas Bank*, 63 N. Y. 399; *In re Moller*, 8 Ben. 531). Taxes due to the State, at common law, as an attribute and prerogative of sovereignty, are entitled to preference in payment from an insolvent's effects over other creditors (Toller, 259; 8 Bacon Abr. 92; 9 Co. 129 *b*; *Giles* v. *Grover*, 9 Bing. 155–167, 183; *Williams* v. *Williams* 8 N. Y. 540; *Canal Appraisers* v. *People*, 17 Wend. 572; *Canal Commissioners* v. *People*, 5 Wend. 445; *Bogardus* v. *Trinity Church*, 4 Paige, 177; *In re Columbian Ins. Co.*, 3 Keyes, 123, 124; *State* v. *Rogers*, 2 Harr. & McH. 198; *Murray* v. *Ridley*, 3 Harr. & McH. 171; *Orem* v. *Wrightson*, Md. Ct. Appeals, 9 Reporter, No. 2, Jan. 1880; *Hake* v. *Henderson*, 3 Dev. [N. C.] 17).

If the State has a preference, then on principle and authority the court should enforce it, independent of the question whether the State may not have other security, the land, from which the debt may finally be paid (*In re Moller*, 8 Ben. 526; *S. C.*, 14 Blatchf. 214).

So far as concerns the taxes and water rent assessed against the assignee, since the assignment, they are part of the expenses of the administration of the trust, and should be paid by him in any event (*In re Moller*, 8 Ben. 526).

*John Clinton Gray*, for respondent.—The court had no authority to exercise the judicial power demanded by the petitioners (*Shipman's Petition*, 1 Abb. N. C. 408; *Anonymous* v. *Gelpcke*, 5 Hun, 245; *In re Blaisdell*, 6 Bankr. Reg. 78; *Nicholson* v. *Leavitt*, 6 N. Y. 519). The legislature has not provided by law that taxes should be first discharged by the assignee from the funds of the estate. If the State was entitled to a preference in payment by the assignee the petitioners do not occupy a position to assert it.

J. F. DALY, J.—The petitioners claim that taxes levied on the real estate of the assignor under State laws have a preference at common law, as debts due the State, and .that this preference should be enforced by the courts on the application of any party interested in the assignment, in the same manner and to the same extent as the courts of bankruptcy enforce the statutory preference of taxes in the distribution of estates under the bankruptcy laws (*In re Moller*, 8 Ben. 526; *S. C.* on appeal, 14 Blatchf. 214).

The distinction between the cases of distribution under the bankruptcy laws, and by the assignee for the benefit of creditors, is marked. In the one case the distribution is made by the law. taking all discretion in the matter away from the debtor : in the other case, the distribution is made according to the will of the debtor, as expressed in the deed of assignment.

Where the law takes the distribution of estates into its own hands, the order of such distribution is usually fixed by statute : as in cases of administration (2 Rev. Stat. 87), and bankruptcy, (U. S. Rev. Stat. 5101), and in the absence of statutory directions, courts in analogous cases will enforce the common law preference, which no doubt exists, in favor of taxes over debts due to private persons (*Matter of Columbian Ins. Co.*, 3 *Abb. Ct. App. Dec.* 243; *Orem* v. *Wrightson*, Md. Ct. App., Reporter, Jan. 1880; *Murray* v. *Ridley*, 3 Harr. & McH. 171).

The case of general assignments bears no analogy to distributions of estates undertaken by the law (*Nicholson* v. *Leavitt*, 6 N. Y. 510, 519). The assignee is not the officer of the court

nor the agent of the law, but is the representative of the debtor, deriving his powers from the trust deed. The debtor has the same power to make preferences in the deed, as he had, before executing it, to make payment of certain debts (See cases collected in Keiley's Insolvent Assignments, 3d ed. 144, &c.) The courts have no power to insert preferences into the instrument. As the assignment is an express direction as to the mode of distribution, there is no necessity to resort elsewhere, not even to cases apparently analogous, to ascertain how or in what order it should be made. Unless preferred by the debtor, the State shares with private creditors in the distribution by the assignee. This view does not affect the rights of priority of the State to payment of taxes out of the particular real estate on which the tax is imposed.

The order should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed, with costs.