# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

## STOUTENBURGH *v.* WHARTON.

*(Circuit Court, D. New Jersey.   October 12, 1883.)*

REMOVAL OF CAUSES—FAILURE TO FILE COPY OF RECORD FROM STATE COURT WITHIN REQUIRED TIME.

> Suits pending in the state courts can only be transferred into the federal courts by authority of the laws of congress; and where parties seek to avail themselves of the provisions of such acts they must comply with all the terms and conditions imposed in them.   The requirement of the act of 1875, that a copy of the record of the proceedings in the state court shall be filed in the circuit court on the first day of the next session thereof following the filing of the petition for removal, is mandatory, and an order extending the time within which the copy of the record shall be filed, can only be allowed in cases where it is impossible for the party removing the cause to obtain the required copy.

Motion to File Record.   Rule to show cause.

*P. L. Voorhees,* for the rule.

*J. Emmett Stoutenburgh, contra.*

NIXON, J.   The only question presented in the case is whether the defendant should be allowed to file in this court, at the present term, a copy of the record of the proceedings in the state court.   The facts are these:   On the fifteenth of August, 1882, a suit was commenced in the supreme court of the state of New Jersey by summons returnable October 10, 1882.   The declaration was duly filed on November 2d following.   Before the time had expired for the defendant to plead, to-wit, on December 1, 1882, according to the provisions of the third section of the act of March 3, 1875, he presented his petition to the state court for the removal of the cause, accompanied with a bond,

conditioned that he would enter in the circuit court of the United States for the district of New Jersey, on the first day of its next session, a copy of the record in said suit, and would pay all costs that might be awarded by the court, if it should hold that the suit was wrongfully or improperly removed. The petition and bond were accepted by the state court, and an order for the removal allowed in open court on the same day. The next term of this court, after the petition for removal was filed, opened on the fourth Tuesday of March, 1883. So far as it appears, no steps were taken by the attorney of the removing party to have the copy of the record filed at that term. He now applies at the September term of the court for leave to file the same, claiming that he had not been guilty of laches in the case, inasmuch as he had given verbal directions to the clerk of the state court to make out, certify, and send to this court a copy of the record of the proceedings before the March term of the court, and he supposed that his request had been complied with.

I am satisfied that there is no power in this court to grant the application. Controversies pending in the courts of the state can only be transferred into the federal courts by authority of the laws of congress; and when parties seek to avail themselves of the provisions of such acts they must comply with all the terms and conditions imposed in them. The third section of the act of 1875 is explicit that, before a removal of the suit can be had, the party or person desiring it shall file a petition for the removal, and a bond, with good and sufficient security, for his or her entering in the circuit court of the United States on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the circuit court, if said court shall hold that the suit was wrongfully and improperly removed thereto. The section then proceeds to exact, that "the said copy being entered as aforesaid, in the said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." That these provisions are mandatory, and not merely directory, is manifest, not only from the uniform construction which the words "as aforesaid" have received from the courts since they first appeared in the twelfth section of the judiciary act down to the present date, (see McLean v. Ry. Co. 16 Blatchf. 317,) but also from the seventh section of the act of 1875, in which congress makes what it deems proper exceptions to a strict compliance with the provisions of the fifth section. If 20 days do not elapse between the date of filing the petition for removal and the first day of the next session of the circuit court, the petitioner shall be allowed full 20 days for filing the record. If the clerk of the state court interposes any hindrance to his promptly obtaining a copy of the record, not only may a writ of *certiorari* issue from the circuit court to the state court, but the circuit court is authorized to make an order extending the time within which the copy of the record shall be filed. Such extension is only

permissible, however, in cases where it is *impossible* for the parties or person removing the cause to obtain the required copy. If congress had intended that the lapse of memory on the part of the attorney of the removing party should be regarded as a sufficient reason for the court to extend the time of filing the record, it would not have limited the rights to the single case of the impossibility of obtaining the record from the clerk of the state court; and all the authorities seem to be to the same effect. See *Bright* v. *M. & St. P. R. Co.* 14 Blatchf. 214; *Burdick* v. *Hale,* 7 Biss. 98; *McLean* v. *St. Paul & C. Ry. Co.* 16 Blatchf. 317.

This case must be remanded to the state court.

See *Glover* v. *Shepperd,* 15 FED. REP. 833; *Hall* v. *Brooks,* 14 FED. REP. 113.