(6 Misc. Rep. 274.)

### In re RANGER.

### In re DE FREECE.

(Common Pleas of New York City and County, Special Term. December, 1893.)

1. TAXATION—PREFERENCE OF CLAIM FOR TAXES.
    A claim for personal taxes against an assignor for benefit of creditors is not entitled to preference over other claims filed with the assignee, unless it is preferred by the assignment or by a statute.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—VERIFICATION OF CLAIMS.
    A claim not disputed by the assignee will not be rejected without notice to the claimant because the verification is insufficient in form.

Final accounting by Abraham B. De Freece as assignee for the benefit of creditors of Gustave Ranger. A motion having been made to confirm the referee's report, objections thereto were made by the receiver of taxes and by J. & W. Seligman & Co., Littledale & Co., Watjen, Toel & Co., William Lobb & Son, David L. Einstein, Fatman & Co., and the estate of Thomas Cornell, creditors.

Stern & Rushmore, for the assignee.
John G. H. Meyers, for the receiver of taxes.
Eugene Seligman, for Cornell's Estate.

GIEGERICH, J. The receiver of taxes in the city of New York insists that his claim for personal taxes, amounting to $111, imposed upon the assignor on the first Monday of January, 1888, is entitled to a preference over all other claims filed with the assignee; but we have not been referred to, nor are we aware of, any statutory provision which supports the position contended for. The authorities cited by his learned counsel do not, in my opinion, apply to the case at bar. They are applicable only to cases where the state claims its priority under special statutes giving that right. Under the assignment act all creditors share equally in the proceeds of the estate, unless they are preferred by the assignor or by statute. Nicholson v. Leavitt, 6 N. Y. 510; Matter of Lewis, 9 Daly, 220, affirmed 81 N. Y. 421. The receiver of taxes having presented his claim to the assignee, and appeared before the referee upon the accounting by the assignee, he should be regarded as having elected to come in under the assignment, and he must be treated as any other creditor, in the absence of a preference in his favor.

The objections filed by J. & W. Seligman & Co. and other creditors above named are confined principally to the allowance of certain claims which the referee admitted despite the objections presented thereto. Of these claims eleven are presented by European creditors; one by a resident of this state, not residing in the city and county of New York; one by a resident of the state of Pennsylvania; and another by a resident of the state of Texas. The objections made are purely technical, and do not raise any question as to the validity of the claims. They merely challenge the form of the verification thereof. The assignor has included these claims in his schedules, and the assignee has not in any manner questioned their validity. It would, in my opinion, be manifestly unfair to throw out these claims without notice to the creditors in question. Such practice would require every creditor to appear by attorney upon the accounting, and at each sitting before the referee, all of which would involve great expense to the creditors for attorneys' fees. It would also place a premium upon the practice of objecting to the claim of each creditor, who, relying upon the fact that his claim had been allowed by the assignee, neglects to appear upon the accounting or at the reference. His claim should certainly not be thrown out without notice having been given to him of the objections thereto, and being permitted to come in and defend. As none of the creditors in question received notice that the claims presented by them were objected to, the ruling of the referee in respect thereto was correct. These considerations lead to the overruling of the objections thus far considered, and the report of the referee would be confirmed but for a few unimportant errors or omissions which require me to refer the report back to the referee for correction.

The said creditors above named also objected to the following claims, viz.: A. T. Smith for $3,500, and Pennefather & Miller for $1,046. These are not mentioned in the referee's report. If they have been omitted through mistake or oversight, an opportunity should be given to supply the omission, if any there be. The objections by the same creditors to the statement contained in the referee's report, of the times when the claims of David L. Einstein and Littledale & Co., respectively, became due, seem to be well taken. Accordingly, the report relative to the claim of David L. Einstein should be corrected by setting forth that there is due $4,038.15, "with interest on $4,325.77 from December 27, 1887, to December 31, 1889, and on said $4,038.15 from December 31, 1889." And said report, respecting the claim of Littledale & Co., should be corrected by setting forth that there is due thereon the sum of $35,716.96, "with interest as follows: On $28,804 from December 15, 1887, on $1,152.16 from December 15, 1886, on $2,304.32 from June 15, 1887, and on $3,456.48 from December 15, 1887." The report is, therefore, sent back to the referee for the purpose of correcting the same.