NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0182n.06

No. 21-3744

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 29, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DWIGHT MORTON, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ROBERT WILKIE, Secretary of Veteran | ) | OHIO |
| Affairs, | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** This case concerns Dwight Morton's failure to serve the United States under Federal Rule of Civil Procedure 4(i) in his suit against the Secretary of the Department of Veteran Affairs. Morton's attorney says that he hand delivered a copy of the summons and complaint to an unidentified individual with the United States Attorney's Office for the Northern District of Ohio, but he did not provide proof of that service to the district court. Because the district court did not abuse its discretion in dismissing the case, we **AFFIRM**.

## I. BACKGROUND

On December 29, 2020, Morton, an employee of the Department of Veterans Affairs, filed suit against the Secretary of the Department of Veterans Affairs for violations of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act. Although the complaint did not indicate whether the Secretary was sued in his individual or official capacity, it appears that he was sued in his official capacity based on Morton's brief. Under Federal Rule of Civil Procedure 4(m), Morton

had 90 days to effectuate service—until March 29, 2021. Morton also had to provide proof of service to the court under Rule 4(l). Nearly six months after the filing of the complaint, the district court issued a show cause order because Morton had not yet served the Secretary.

In response, Morton's counsel filed a declaration that he titled "Proof of Service," and he filed a response to the court's show cause order. He submitted no additional documents (such as any return receipts). Morton's counsel argued that he served the Secretary, the Attorney General, and the United States Attorney for the Northern District of Ohio. The district court determined that because Morton did not provide proof of service, dismissal without prejudice was warranted.

Following the court's dismissal order, Morton moved to "reopen" the case and provided certified mail return receipts, presumably for the Attorney General and the Secretary.[1] The district court, construing Morton's motion as a motion for reconsideration, denied the motion. The court reasoned that even if Morton properly and timely served the Attorney General and the Secretary, he failed to serve the United States by not serving "the United States attorney, an assistant United States attorney, or her designated representative." Morton timely appealed.

## II. STANDARD OF REVIEW

We review the district court's decision to dismiss a complaint for failure to effect service of process for abuse of discretion. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). An abuse of discretion occurs when "the reviewing court is certain that a mistake was made." *Id.*

## III. DISCUSSION

Morton argues on appeal that the district court erred in dismissing his complaint without prejudice for insufficient service of process. He "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.

---

[1] Neither of the return receipts has a signature on it, but both have date stamps. Also, the return receipts simply have street addresses and do not indicate what entity the addresses belong to.

App'x 285, 287 (6th Cir. 2001).  Service of a United States officer like the Secretary is guided by Federal Rule of Civil Procedure 4(i)(2).  To serve a United States officer in their official capacity, the plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  At issue here is the requirement to serve the United States, which implicates Federal Rule of Civil Procedure 4(i)(1).

To properly serve the United States, Morton had to either (1) "deliver a copy of the summons and of the complaint to the United States attorney . . . or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or (2) "send a copy by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii).  Morton also had to "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(B).  The district court found that the Attorney General may have been properly served, so we focus on whether the evidence that Morton provided established that he delivered the relevant documents to the United States attorney, an assistant United States attorney, or the clerical employee designee.  Fed. R. Civ. P. 4(i)(1)(A)(i).

To that end, Morton's counsel wrote a declaration claiming that he hand delivered the summons and complaint to a representative of the United States Attorney for the Northern District of Ohio on March 5, 2021.  But he did not provide the identity of the representative.  So, we do not know whether this individual was the United States attorney, an assistant United States attorney, or a designee of the United States attorney to satisfy the Rule's requirements.  Morton, therefore, has not shown that his counsel properly served any individual as described in Rule

4(i)(1)(A)(i) when he hand delivered the copy of the summons and complaint to the office. Thus, his service of process fails to comply with the applicable rule.

Morton, in the alternative, argues that the district court violated Federal Rule of Civil Procedure 4(i)(4)(A) when it did not give him the opportunity to cure any defect to serve the Secretary before it dismissed his complaint. Rule 4(i)(4)(A) requires that a court allow a party "reasonable time to cure its failure" to "serve a person required to be under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A). But Morton's argument fails because the district court acknowledged on reconsideration that the Secretary may have been properly served; the issue was that Morton failed to demonstrate that he properly served the United States. In any case, the district court explained that it gave Morton the reasonable time necessary when it did not file the show cause order until June 28, 2021, which was well after the March 29, 2021 deadline for Morton to perfect service. Because this was a reasonable amount of time to perfect service, the district court did not abuse its discretion.

## IV. CONCLUSION

Because the court did not abuse its discretion in dismissing the case, we **AFFIRM**.